YAWN, THERON A., Jr., Associate Judge.
The appellant was adjudged guilty of robbery. He appeals the resulting sentence of fifty (50) years imprisonment, claiming it to be grossly excessive, the product of an abuse of judicial discretion, and hence illegal as a matter of law.
The sentence followed hearing by the Court of extensive testimony as to aggravating and mitigating circumstances, the receipt of exhibits, consideration of a thorough pre-sentence investigation report and report of a psychiatric examination of appellant and a study of the facts and circumstances involved in the commission of the crime as well as the circumstances surrounding the appellant prior, during and subsequent to the commission of the crime. It cannot be said that the Court’s decision was predicated upon anything other than a thorough consideration of all relevant factors.
The Supreme Court in Brown v. State, 152 Fla. 853, 13 So.2d 458, found the law to be that:
“ * * * the legislature has by statute fixed the maximum punishment which may be imposed for violation of the provisions of the statutes, and, therefore, it is within the province of the trial court to fix by sentence the punishment within the limits prescribed by statute. If in any particular case the sentence and punishment imposed thereunder appears to be excessive, that is a matter which should be presented to the State Board of Pardons for the exercise of its power of commutation and is not a matter for review and remedy by the appellate court.” (Emphasis supplied).
In Dickinson v. State, 170 So.2d 594, this Court held that:
“ * * * absent a clear showing of abuse of judicial power, which does not remotely appear in this case, the sentence imposed on one convicted of crime is solely within the discretion of the trial judge, subject only to the condition that it meets the standards provided by law.”
The sentence is within statutory limits and in conformity with proper standards. We must, therefore, decline appellant’s invitation to substitute our discretion for that of the trial court. Accordingly the sentence is affirmed.
*644 McCORD, J., concurs.
BOYER, J., concurs specially.