306 So.2d 141 (1975)
Little Willie HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1425.
District Court of Appeal of Florida, Fourth District.
January 17, 1975.
Richard L. Jorandby, Public Defender, Richard S. Power, Asst. Public Defender, and H. Joseph McGuire, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Affirmed.
WALDEN and DOWNEY, JJ., concur.
OWEN, C.J., concurs in part; dissents in part.
OWEN, Chief Judge (concurring in part; dissenting in part):
Appellant was convicted of robbery and sentenced to 130 years in prison. A majority of the court has determined that he has failed to demonstrate reversible error and that the judgment and sentence should each be affirmed. I concur in affirming the judgment, but it is my opinion that the sentence is in excess of the statutory maximum and should be vacated.
Section 813.011, F.S., provides as follows:
"Robbery defined; penalties.  Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be guilty of a felony of the first degree, punishable by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court." (E.S.)
This section was amended in 1955 at which time the critical words "or for any lesser *142 term of years" were substituted for "or for any term of years not less than ten years". It is apparent that whereas prior to the 1955 amendment the maximum punishment could be for any term of years, from the effective date of the 1955 amendment to the present the maximum period is life, and any imprisonment for a term of years must be for a lesser period than life. The legislative intent that a sentence for a term of years be for some lesser term than life imprisonment is further illustrated by the fact that in 1971, Section 813.011, F.S., was further amended by Chapter 71-136, Section 839, to include the language "shall be guilty of a felony of the first degree", and at the same session of the legislature, Section 775.082(4)(b), F.S., was enacted providing penalties for a felony of the first degree, as follows:
* * * * * *
"(b) For a felony of the first degree, by a term of imprisonment in the state prison not exceeding thirty (30) years or, when specifically provided by statute, by imprisonment in the state prison for a term of years not exceed life imprisonment;" (E.S.)
* * * * * *
The legislature thus equated "a term of years not exceeding life imprisonment" as it appears in 775.082(4)(b), F.S., with "life or any lesser term of years" as it appears in Section 813.011, F.S., which serves to emphasize the legislative intention that life imprisonment be the upper limit of the punishment imposed.
In affirming this sentence, my colleagues have justifiably relied upon established case authority in which [somewhat] similarly excessive sentences have been approved, e.g., Blackman v. State, Fla.App. 1972, 265 So.2d 734, affirming concurrent sentences of 101 years; High v. State, Fla.App. 1973, 284 So.2d 239, and Evans v. State, Fla.App. 1967, 197 So.2d 323, both affirming 99 year sentences; Cole v. State, Fla.App. 1972, 262 So.2d 902, affirming 90 years; and, most recently, Wallace v. State, Fla.App. 1974, 299 So.2d 643, affirming a 50 year term. These cases recite the principle that where the sentence imposed is within the maximum provided by law, it will not be reviewed, thereby clearly implying that the sentences were considered to be within the statutorily prescribed maximum. With due deference, I doubt that the precise question which I here address was considered in the cited cases.
In fairness to my colleagues, as well as the trial court, I confess inability to specify the term of years which would be less than life, and I recognize (as did the court in People v. Pace, 1935, 362 Ill. 224, 198 N.E. 319) that "any sentence, no matter how short, may eventually extend beyond the life of the prisoner." I am quite certain, however, that a sentence of 130 years is for a term of years in excess of "life or any lesser term of years", and is, therefore, in excess of the statutory maximum. The legislature should promptly resolve this problem by specifying a definite maximum term of years for which one may be sentenced under the language "a term of years not exceeding life imprisonment."