358 So.2d 10 (1978)
Alphonso ALVAREZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 52291.
Supreme Court of Florida.
April 4, 1978.
*11 Michael J. Minerva, Public Defender, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for respondent.
HATCHETT, Justice.
The district court has certified to us its decision, reported at 349 So.2d 688 (Fla. 4th DCA 1977), as involving a question of great public interest:
Is a sentence of imprisonment for a term of years greater than the life expectancy of the sentenced person lawful under Section 813.011, Florida Statutes (1973), and Section 812.13, Florida Statutes (1975)?
We have jurisdiction pursuant to Article V, Section 3(b)(3), and answer this question in the affirmative.
Petitioner was convicted of robbery and was sentenced to imprisonment for 125 years. Our present robbery statute, Section 812.13, Florida Statutes (1975, 1977),[1] states:
(1) "Robbery" means the taking of money or other property which may be *12 the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in § 775.082, § 775.083, or § 775.084.
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
Petitioner challenged his sentence in the district court on the ground that the sentence exceeded the limit set by the statute, since 125 years is not a term of years less than "life." The court affirmed the sentence, but certified this issue to us.
Petitioner argues that a sentence for a term of years in excess of life expectancy is unlawful under the statute. He also contends that the statute, which measures a definite sentence term against the imprecise term of "life," is unconstitutionally vague.
This issue has never been squarely addressed by this court, although we upheld on other grounds a rape conviction, in Byrd v. State, 297 So.2d 22 (Fla. 1974), which carried a sentence of 150 years. Sentences presumptively longer than life expectancy have also been considered and upheld for robbery in each of the district courts of appeal.[2] All these cases held that the sentence imposed did not exceed the statutory maximum.
We reject the notion that an individual's life expectancy should be used, or was intended by the Legislature to be used, to mark the longest term which a particular defendant should serve. Any sentence, no matter how short, may eventually extend beyond the life of a prisoner.[3] Mortality and life expectancy are irrelevant to limitations on the terms of incarceration set by the Legislature for criminal misconduct.
We also reject petitioner's contention that the statute is unconstitutionally vague and indefinite.[4] Although no person can predict the maximum length of time which can be served by a prisoner under a sentence of life, this in itself does not render a life sentence impermissibly indefinite. The legislative intent from the face of the statute is clear: a person convicted of robbery while carrying a firearm or other deadly weapon may be sentenced to imprisonment for the remainder of his life; if convicted of robbery while carrying any other weapon, the defendant may be sentenced to a maximum of 30 years; if convicted of robbery while not carrying any weapon, the defendant may be sentenced to a maximum term of 15 years. The trial court may, in its discretion, impose any sentence, or probationary period, up to the maximum term authorized for that crime by the Legislature.
Although a sentence of 125 years imprisonment presumptively exceeds the life expectancy of the defendant, such a sentence should be considered, in essence, a life sentence. The practical effect of such a lengthy sentence should be no harsher than *13 if the court had imposed the maximum sentence of life.[5] We do not address at this time the question of whether or not such a lengthy term of imprisonment results in harsher treatment by parole authorities.[6]
There is nothing in the record to indicate that the defendant is likely to serve a longer term of imprisonment than would be foreseeable if he had received a life sentence.
Accordingly, the decision below is affirmed.
It is so ordered.
OVERTON, C.J., and ADKINS, SUNDBERG and KARL, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
ENGLAND, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part, dissenting in part.
The certified question should be answered in the negative. I concur in the majority's decision to uphold the statute but I dissent from their construction of it.
Legislative intent is the controlling factor in this case. The statute permits judges either to impose life imprisonment or terms of years less than life. It contemplates that judges who impose life sentences expect defendants to die in prison unless pardoned or paroled.
If the Legislature had not intended the terms of years to be less than life the statute would have said life sentences were the only available terms of imprisonment. Obviously, terms longer than life were not intended.
The difficult question in each case is what number of years constitutes a term less than life imprisonment. In civil court proceedings it is common practice to determine life expectancy of litigants from insurance actuarial tables. I would apply such tables in each sentence other than life to fix terms of imprisonment less than life expectancy of defendants. In determining life expectancy the Court should consider that normally women live longer than men. The statute should be declared valid subject to the above construction.
This cause should be remanded to the trial court to vacate the existing sentence and impose either a life sentence or a term of years less than petitioner's life expectancy.
ENGLAND, Justice, concurring in part and dissenting in part.
Alfonso Alvarez was sentenced to imprisonment for 125 years under a statute which authorized a sentence
"for life or for any lesser term of years ...."[1]
I concur with the Court's conclusions that an individual's life expectancy should not be *14 used, and was never intended by the legislature to be used, to mark the longest term which a particular defendant should serve. Obviously any sentence, even a one day sentence, may extend beyond the life of a prisoner.[2] Mortality and life expectancy, then, are irrelevant to limitations on the terms of incarceration set by the legislature for criminal misconduct.
I disagree with the majority's view that the robbery sentencing statute is not unconstitutionally vague, however, since the benchmark for determining any "lesser" term of years is an evanescent and subjective standard, incapable of being identified or applied.[3] While the legislature may delineate those acts which are criminal and provide appropriate penalties, criminal statutes must be sufficiently definite to be understood and applied. Cf. State v. Wershow, 343 So.2d 605 (Fla. 1977). When confronted with a vagueness challenge, courts are required to resolve any reasonable doubt concerning the enactment in favor of the defendant. Earnest v. State, 351 So.2d 957 (Fla. 1977); State v. Wershow, above. Moreover, if the net effect of a penal statute is to provide an indefinite term of imprisonment, the law is at odds with Article I, Section 17 of the Florida Constitution.[4]
I am unable to square the language of the statute under which Alvarez was sentenced with these well-settled principles. This statute authorizes the imposition of term sentences only if they do not exceed an indefinite and unascertainable benchmark  "life" imprisonment. In any life sentence, "the length of the sentence cannot be determined until the death of the prisoner."[5] Since the statute does not provide any manageable standards by which to impose any "lesser term" sentence, the courts are left to speculate on what are permissible and impermissible sentence terms. An unadministrable statute is constitutionally defective.
Merely because the sentencing portion of the robbery statute is unconstitutionally vague does not mean that Alvarez cannot be incarcerated. He should be resentenced for 30 years or less, as specified in Section 775.082(4)(b), Florida Statutes (1973).[6]
NOTES
[1] Sec. 813.011, Fla. Stat. (1973) stated:

Robbery defined; penalties  Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be guilty of a felony of the first degree, punishable by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.
[2] Battle v. State, 338 So.2d 1107 (Fla. 3d DCA 1976) (150 years); Harper v. State, 306 So.2d 141 (Fla. 4th DCA 1975) (130 years); Wallace v. State, 299 So.2d 643 (Fla. 1st DCA 1974) (50 years); High v. State, 284 So.2d 239 (Fla. 2d DCA 1973) (99 years).
[3] As noted by Judge William C. Owen, Jr., in a dissenting opinion in Harper v. State, 306 So.2d 141, 142 (Fla. 4th DCA 1975), this realization has generated the confusion over the proper interpretation of this sentencing statute.
[4] We note that sentencing statutes do not involve the same constitutional due process difficulties encountered with statutes defining various prohibited acts with regards to the sufficiency of prior notice as to what constitutes a crime.
[5] The only statute expressly applicable to prisoners serving life sentences states:

Sec. 944.30 Fla. Stat. (1975). Life prisoners; commutation to term for years.  Any prisoner who is sentenced to life imprisonment, who has actually served 10 years and has sustained no charge of misconduct and has a good institutional record, shall be recommended by the [Department of Offender Rehabilitation] for a reasonable commutation of his sentence, and if the same be granted, commuting the life sentence to a term for years, then such prisoner shall have the benefit of the ordinary commutation, as if the original sentence was for a term for years, unless it shall be otherwise ordered by the Board of Pardons.
Since petitioner has not successfully served 10 years of his sentence, we do not need to reach the question of whether or not the benefits of this statute are applicable to him.
[6] Sec. 947.16, Fla. Stat. (1977) provides that an inmate who has been sentenced for a term in excess of 5 years may be eligible for parole after serving one year of confinement. There is no other statutory authorization setting a necessary minimum percentage of the total sentence which must be served prior to an inmate's becoming eligible for parole. Of course, compliance with the mandatory minimums, set forth in Sec. 775.087, Fla. Stat. (1977), is necessary.
[1] § 813.011, Fla. Stat. (1973), now appearing in § 812.13(2), Fla. Stat. (1975). See also § 775.082(4)(b), Fla. Stat. (1973), prescribing the penalty for a first degree felony, under which robbery was classified.
[2] See Harper v. State, 306 So.2d 141, 142 (Fla. 4th DCA 1975) (Owen, C.J., concurring and dissenting); People v. Pace, 362 Ill. 224, 198 N.E. 319 (1935).
[3] This is essentially what Chief Judge Owen suggested in Harper, n. 2 above, when he said:

"I confess inability to specify the term of years which would be less than life... . I am quite certain, however, that a sentence of 130 years is for a term of years in excess of `life or any lesser term of years'... ."
306 So.2d at 142.
[4] "[I]ndefinite imprisonment ... [is] forbidden."
[5] Welch v. McDonald, 36 N.M. 23, 26, 7 P.2d 292, 294 (1931).
[6] I agree with Alvarez' contention that the sentencing portion of the statute cannot be saved by striking only the reference to "any lesser term of years". The legislature clearly did not intend to mandate life imprisonment for all robbery convictions.