SHARP, Judge.
Iannucci appeals his judgment and sentence for the offense of robbery.[1] He argues that a comment by the trial judge prejudiced the jury and that the sentence improperly required hard labor and did not allow him credit for time previously served. We affirm the judgment but remand for resentencing.
Iannucci asserts that he was substantially prejudiced when the trial judge rebuked defense counsel during final arguments.[2] However, defense counsel did not object to the judge’s comment at trial and therefore, unless the comment was so prejudicial as to constitute fundamental error, Iannucci waived his right to raise this issue on appeal. See White v. State, 348 So.2d 368 (Fla. 3d DCA 1977), reversed in part, 377 So.2d 1149 (Fla.1979), vacated in part, 379 So.2d 1018 (Fla. 3d DCA 1980). The judge’s comment does not appear to us as severely prejudicial, and in fact appellant’s counsel invited the judge’s comment by his own attempt to mislead the jury as to the kinds of crimes for which Iannucci had previously been convicted.
" The State concedes that the sentence erroneously included the surplus phrase “at hard labor” and did not specify the amount of credit for time Iannucci served in jail before sentencing. Section 921.161(1), Florida Statutes (1975), provides that such credit “must be for a specified period of time and shall be provided for in the sentence.” Because the record does not indicate the amount of credit, we remand this case for resentencing. Kreiser v. State, 380 So.2d 455 (Fla. 5th DCA 1980). The term “at hard labor” also should be stricken. Appellant need not be present for the sentence correction proceeding. Hensley v. State, 363 So.2d 352 (Fla. 2d DCA 1978).
AFFIRMED AND REMANDED FOR RESENTENCING.
ORFINGER and COWART, JJ., concur.

. This is a belated appeal stemming from a jury trial on February 4, 1975. Appellant’s first notice of appeal, filed on-March 24, 1975, was dismissed on jurisdictional grounds. After the United States District Court for the Middle District of Florida granted appellant’s petition for writ of habeas corpus, this court accepted the notice of appeal filed June 18, 1980, as valid.

. The following quotation from the trial transcript includes the alleged prejudicial rebuke:
[DEFENSE COUNSEL]: [The prosecutor] made the comment, I believe, in his first argument, I think I want to bring out first, I mentioned it before, and that’s talking about these crimes. I want you all to remember and reflect back when we were having our voir dire, when we were discussing the matters with you, the picking of the jury. You recall [the prosecutor] asked the question, is there anybody here, most of you were present there. We had a panel of about eighteen people. And [the prosecutor] asked the question, has anybody been convicted of a crime? Two people raised their hand. He kind of looked at you in disbelief and said, I mean nobody that’s ever been stopped for a speeding ticket or a red light. I think we all felt kind of, well, yeah, of course, and many, many more hands went up.
So we are talking about definition here. We are talking about definition.
He is not on trial here for any crimes in the past. Most of us have been convicted of a crime before, a speeding ticket.
THE COURT: [Counsel], are you implying to this jury that this man’s prior record is just traffic offenses?
[DEFENSE COUNSEL]: No, your honor, I’m not. I’m referring to the voir dire examination that [the prosecutor] gave.
THE COURT: That would be misleading the jury.
[DEFENSE COUNSEL]: I’m not, but the point I’m trying to make is that that is a fact, that is a fact, that is not what we are trying here today.