PER CURIAM.
Appellant was charged by information with sexual battery and robbery. The jury found him guilty of those offenses. He was sentenced to a 120-year sentence of imprisonment as to the offense of robbery.
The trial judge retained jurisdiction for one-third of the sentence to review any future parole commission release order, pursuant to Section 947.16(3), Florida Statutes (1978). For the first time on appeal, the appellant contends such sentence is illegal.
The appellant recognizes the holding in Alvarez v. State, 358 So.2d 10 (Fla. 1978),[1] but contends that it is inapplicable to the case at bar due to the Legislature’s *763 subsequent passage of Section 947.16(3), Florida Statutes (1978), which enables the trial court to retain jurisdiction over the offender for the first third of the maximum sentence imposed.[2] It is foreseeable that a longer term of imprisonment might result than if the appellant had received a life sentence of imprisonment, but that question is not properly before us. See: Chatman v. State, 393 So.2d 557 (Fla. 4th DCA 1980). The appellant did not challenge the legality of sentence in the trial court. He cannot do so on appeal, because the sentence is facially valid. Clinton v. State, 389 So.2d 1082 (Fla. 3d DCA 1981); Cannon v. State, 384 So.2d 970, 971 (Fla. 3d DCA 1980); Compare Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981). The sentence was within the parameters of Alvarez v. State, supra, and Section 947.16, Florida Statutes (1978) does not affect its validity.
Affirmed.

. Alvarez v. State, supra, upheld the validity of a sentence of 125 years for the crime of robbery.

. The appellant contends that pursuant to Section 947.16(3), Florida Statutes (1978), he will receive harsher treatment in consideration for parole which the Supreme Court specifically declined to address in Alvarez v. State, supra.