522 So.2d 41 (1988)
Leonard A. DUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-681.
District Court of Appeal of Florida, Fifth District.
January 21, 1988.
On Motion for Rehearing March 3, 1988.
James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED on the authority of Key v. State, 452 So.2d 1147 (Fla. 5th DCA), rev. denied, 459 So.2d 1041 (Fla. 1984); Scott v. State, 465 So.2d 1359 (Fla. 5th DCA 1985).
SHARP, C.J. and COBB and COWART, JJ., concur.

ON MOTION FOR REHEARING
COWART, Judge.
Following our affirmance of January 21, 1988, appellant moved for rehearing stating that in affirming his sentence of 50 years imprisonment this court overlooked section 775.082(3)(a), Florida Statutes, which provides that a person convicted of a life felony after October 1, 1983, may be punished by a term of imprisonment not exceeding 40 years and that his sentence was, therefore, illegal.
Appellant was not convicted of a "life felony" punishable under section 775.082(3)(a), Florida Statutes. Appellant was convicted of second degree murder (§ 782.04(2), Fla. Stat.) which constitutes a "felony of the first degree, punishable by imprisonment for a term of years not exceeding life." This special category is not a "life felony" punishable under section 775.082(3)(a), Florida Statutes, but is a special subcategory of a felony of the first degree punishable when specially provided by statute under the second portion of section *42 775.082(3)(b), Florida Statutes, by "imprisonment for a term of years not exceeding life imprisonment." While this special category of "felony of the first degree punishable by life" is not listed in the classification of felonies under section 775.081(1), Florida Statutes[1], nevertheless, it exists and is involved in this case and is not subject to the 40 year cap on "life felonies" contained in section 775.082(3)(a), Florida Statutes. Therefore, appellant's sentence is not an illegal sentence. The Motion for Rehearing is
DENIED.
SHARP, C.J., and COBB, J., concur.
NOTES
[1] This special category is recognized on the sentencing guidelines scoresheet shown as Florida Rule of Criminal Procedure 3.988 as "1st punishable by life."