553 So.2d 212 (1989)
Robert RUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2777.
District Court of Appeal of Florida, Fourth District.
November 1, 1989.
Rehearing Denied January 4, 1990.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
*213 PER CURIAM.
The appellant was found guilty of armed robbery. The judgment indicates incorrectly that this is a life felony when it is, in fact, a first degree felony. § 812.13(1), (2)(a), Fla. Stat. (1989). We remand for correction of this and of the 450 year sentence imposed. Section 775.082(3)(b), Florida Statutes (1987), provides that the penalty for a felony of the first degree is "a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment." Thus, the sentence imposed upon remand should be for a sentence not exceeding life or a sentence not exceeding 30 years. See Golden v. State, 509 So.2d 1149, 1152 n. 1 (Fla. 1st DCA 1987).
The state concedes that the court erred in assessing costs without announcing the same in open court. Mays v. State, 519 So.2d 618 (Fla. 1988). We remand for a hearing. Ivey v. State, 519 So.2d 648 (Fla. 4th DCA 1988).
We find no error in any of the other points on appeal.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY, LETTS and POLEN, JJ., concur.