584 So.2d 626 (1991)
Kip STERLING, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02634.
District Court of Appeal of Florida, Second District.
August 9, 1991.
Rehearing Denied September 6, 1991.
*627 James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine B. Johnson, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Appellant Kip Sterling was convicted of numerous armed robberies and two counts of attempted first degree murder. For each offense appellant received a concurrent sentence of 45 years in prison followed by 30 years probation. He now argues that the sentences exceed the statutory maximum.
With respect to the two counts of attempted murder, we agree with appellant. Ordinarily this offense would be a felony of the first degree, punishable by a maximum sentence of 30 years. See §§ 775.082(3)(b), 777.04(4)(a), Fla. Stat. (1989). However, because appellant used a firearm in the commission of the offense, it is reclassified as a life felony. Section 775.087(1)(a), Fla. Stat. (1989).[1] For a life felony committed after October 1, 1983, the court may impose a penalty of life in prison or "a term of imprisonment not exceeding 40 years." Thus a total sanction of 75 years is unlawful and must be reduced. See Committee Note, Fla.R.Crim.P. 3.701(d)(12); Spivey v. State, 526 So.2d 762 (Fla. 2d DCA 1988).
The remaining offenses are also designated as felonies of the first degree. However, subsection 775.082(3)(b) also authorizes "a term of years not exceeding life imprisonment" where specifically provided for by statute. Armed robbery is one such specially designated offense. Section 812.13(2)(a), Fla. Stat. (1989). By virtue of a statutory anomaly, no comparable limitation is placed on the term of years that may be imposed. Dunn v. State, 522 So.2d 41 (Fla. 5th DCA 1988). The robbery sentences as they presently exist are therefore legal.
Affirmed in part, reversed in part, and remanded for partial resentencing in accordance with this opinion.
LEHAN, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.
NOTES
[1] The state points out that the judgment filed in this case erroneously designates appellant's attempted murder convictions as first degree felonies punishable by life. This erroneous entry should be corrected after remand.