587 So.2d 647 (1991)
Andrew EDGECOMB, Appellant,
v.
STATE of Florida, Appellee.
No. 91-868.
District Court of Appeal of Florida, First District.
October 16, 1991.
Andrew Edgecomb pro se.
No appearance for appellee.
PER CURIAM.
Andrew Edgecomb has appealed the summary denial of his motion for postconviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which the trial court found was untimely filed. We affirm, but because the trial court erroneously found the motion untimely as to an allegation that Edgecomb's sentence exceeded the limits provided by law, we wish to explain our affirmance as to that allegation.
On August 2, 1982, Edgecomb was convicted of two counts of armed robbery and one of aggravated battery, and was sentenced to a total of 165 years' incarceration. He appealed to this court, which affirmed without opinion in Edgecomb v. State, 455 So.2d 1034 (Fla. 1st DCA 1984). Edgecomb filed the instant motion on November 13, 1990, alleging four grounds, as to three of which the trial court correctly concluded the motion was untimely.[1] However, *648 the fourth ground alleged that Edgecomb's sentence was illegal as exceeding the statutory maximum for his offenses. Because a "motion to vacate a sentence which exceeds the limits provided by law may be filed at any time," the trial court erred in finding the motion untimely as to this allegation. The motion was nevertheless correctly denied.
At the time Edgecomb committed the two armed robberies and the aggravated battery of which he was convicted, robbery with a firearm was a first-degree felony punishable by "a term of years not exceeding life," § 812.13(2)(a), Fla. Stat. (1981). In Alvarez v. State, 358 So.2d 10 (Fla. 1978), the Florida Supreme Court held that a 125-year sentence for robbery did not exceed the statutory maximum of "a term of years not exceeding life," in that it was, in effect, a life sentence. Therefore, the sentence herein did not exceed the statutory maximum, and the motion was properly denied as to that allegation.
Affirmed.
JOANOS, C.J., and SHIVERS and WOLF, JJ., concur.
NOTES
[1] Rule 3.850 provides that no motion, other than a motion to vacate a sentence which exceeds the limits provided by law, shall be filed or considered pursuant to the rule if filed more than two years after the judgment and sentence become final, with certain exceptions which are inapplicable here. Any person whose judgment and sentence became final prior to January 1, 1985 had until January 1, 1987 to file a motion in accordance with the rule.