PER CURIAM.
Talmadge Hayes appeals his convictions and sentences for fifty-seven separate felony offenses.[1] We affirm all the convictions, and all sentences except those discussed below.
The sentencing guidelines recommended a sentence of life in prison. Certain of the offenses do not permit a life sentence, and the trial court imposed the maximum term of years with respect to all but one of those offenses.[2] However, forty-one of the offenses are life felonies or first degree felonies punishable by life. For thirty-six of these, the trial court imposed a life sentence to be followed by thirty years’ probation.
We agree with appellant that each of the thirty-six split sentences exceeds the statutory maximum sentence of life. We disagree, however, that Sterling v. State, 584 So.2d 626 (Fla. 2d DCA), rev. denied, 592 So.2d 682 (Fla.1991), requires that appellant be resentenced to a term of years. Rather, after remand the trial court need only strike the unauthorized probationary terms. It is not necessary that appellant be present for correction of the sentences.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and DANAHY and THREADGILL, JJ., concur.

. The specific offenses are one count of racketeering, thirty-nine counts of armed robbery, fifteen counts of attempted armed robbery, and two counts of attempted first-degree murder.

. For the remaining offense the trial court imposed a minimum mandatory term of three years, pursuant to § 775.087(2)(a), Fla.Stat. (1989).