621 So.2d 556 (1993)
Victor ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1172.
District Court of Appeal of Florida, Fourth District.
July 14, 1993.
Victor Robinson, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, JAMES C., Senior Judge.
This matter is before the court upon an appeal by Victor Robinson from an order which denied his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).
It appears that Robinson was charged with committing two counts of armed robbery in 1981, convicted of said crimes in 1983 and sentenced to forty years in prison on each count to run concurrently.
By virtue of the present motion Robinson seeks correction of his sentence because he contends the trial court erred in sentencing him to forty years in prison. The trial court relied upon section 775.082(3)(a), Florida Statutes (1981) in sentencing Robinson *557 to forty years in prison, no doubt because the court considered armed robbery to be a life felony. However, Robinson correctly contends that armed robbery is not a life felony but a first degree felony as this court held in Rucker v. State,[1] 553 So.2d 212 (Fla. 4th DCA 1989), rev. denied, 563 So.2d 634 (Fla. 1990). Section 775.082(3)(b), Florida Statutes (1981), the relevant statute in this case, provides that a person convicted of a felony of the first degree shall be sentenced to a term of imprisonment not exceeding thirty years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment.
Accordingly, we reverse the order appealed from and remand the cause to the trial court with directions to grant Robinson's motion to correct sentence and to proceed to resentence him in accordance with section 775.082(3)(b), Florida Statutes (1981).
DELL, C.J., and GUNTHER, J., concur.
NOTES
[1] Appellee's reliance upon State v. Rucker, 613 So.2d 460 (Fla. 1993) is misplaced. The Rucker therein is not the Rucker herein nor is the subject matter of that case relevant to the present case.