624 So.2d 743 (1993)
Bobby CRABTREE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 93-1226, 93-1470.
District Court of Appeal of Florida, Fifth District.
September 3, 1993.
Rehearing Denied October 8, 1993.
Bobby Crabtree, pro se.
No Appearance for appellee.
W. SHARP, Judge.
Crabtree filed a rule 3.800(a) motion on May 6, 1993 to correct an allegedly illegal sentence in a 1975 case.[1] His motion was summarily denied by the trial court. A second motion was filed on May 17, 1993, seeking the same relief, and it also was summarily denied on May 26, 1993. Appeals were filed in both cases and this court has consolidated them. We affirm the sentence in all regards except we agree that part of the sentence which imposes "hard labor" on Crabtree, should be stricken and Crabtree's sentence should be corrected to show it is a first degree felony, rather than a life felony.
While seventeen years is a long time to wait before filing a Rule 3.800(a) motion to correct an illegal sentence, nevertheless there are no time deadlines or "statute of limitations" for such motions.[2] Crabtree further asserts he is being injured in his treatment by the Department of Corrections by having been incorrectly designated as a *744 "life felon." The record does not refute his charges.
Crabtree argues his sentence for armed robbery[3] was illegal because it was labeled a "life felony" and he was given a term of 125 years. In 1975 armed robbery was a first degree felony, specifically punishable by imprisonment for life, or for any lesser term of years[4] at the discretion of the court.[5] Courts sentencing for that crime had the discretion to set lengthy sentences, without consideration for normal spans of human life expectancy. See Harmon v. State, 438 So.2d 369 (Fla. 1983), cert. denied, 498 U.S. 832, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990) (sentence of 6 consecutive terms of 100 years affirmed); Alvarez v. State, 358 So.2d 10 (Fla. 1978) (sentence of 125 years affirmed).
Had Crabtree been sentenced for a true "life felony" currently, the court could only have sentenced him to a term of imprisonment not exceeding 40 years. See, e.g., Sterling v. State, 584 So.2d 626 (Fla. 2d DCA), rev. denied, 592 So.2d 682 (Fla. 1991); Taylor v. State, 573 So.2d 173 (Fla. 5th DCA 1991); Salas v. State, 589 So.2d 343 (Fla. 4th DCA 1991). Although this may be a distinction without any rational basis, no constitutional challenge[6] was raised below, and the limitation of 40 years for "life felonies" was created by statute in 1983, long after Crabtree's crime, trial and sentence.
In 1975, the sentence for "life felonies" was life imprisonment or a term of years not less than 30.[7] For first degree felonies, the sentence prescribed by the Legislature was a term of imprisonment not exceeding 30 years unless specifically provided in the statute for "a term of years not exceeding life imprisonment."[8] As noted above, the armed robbery statute specifically provided for imprisonment for life or a term of years. Thus, there was no anomaly between punishments for life felonies and first degree felonies in 1975, and Crabtree's sentence was as prescribed by the Legislature for armed robbery in 1975.
We affirm the sentence but remand to the trial court to correct Crabtree's judgment to reflect his conviction for a first degree felony, and to strike the condition of hard labor. See Gandy v. State, 560 So.2d 1363 (Fla. 1st DCA 1990); Iannucci v. State, 400 So.2d 139 (Fla. 5th DCA 1981); Evans v. State, 395 So.2d 1242 (Fla. 5th DCA 1981); Pryor v. State, 390 So.2d 475 (Fla. 5th DCA 1980); McDonald v. State, 321 So.2d 453, 458 (Fla. 4th DCA 1975), rev. on other grounds after remand, 345 So.2d 755 (Fla. 4th DCA 1977); Speller v. State, 305 So.2d 231 (Fla. 2d DCA 1974).
AFFIRMED; REMANDED to Correct Sentence.
DAUKSCH and COBB JJ., concur.
NOTES
[1] Crabtree was sentenced to 125 years of hard labor for robbery and use of a firearm.
[2] Florida Rule of Criminal Procedure 3.800(a) states:

A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.
See also Cofield v. State, 602 So.2d 586, 587 (Fla. 1st DCA 1992); Trimble v. State, 511 So.2d 403 (Fla. 2d DCA 1987).
[3] § 813.011, Fla. Stat. (Supp. 1974).
[4] § 813.011, Fla. Stat. (Supp. 1974), and § 812.13, Fla. Stat. (1975), effective July 1, 1975.
[5] § 813.011, Fla. Stat. (Supp. 1974).
[6] U.S. Const. Amend. XIV.
[7] § 775.082(4)(a), Fla. Stat. (1973).
[8] § 775.082(4)(b), Fla. Stat. (1973).