630 So.2d 1193 (1994)
Tommie GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2063.
District Court of Appeal of Florida, First District.
January 18, 1994.
Rehearing Denied February 28, 1994.
*1194 Tommie Green, pro se.
Robert A. Butterworth, Atty. Gen., and Joe S. Garwood, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Chief Judge.
Appellant brings this appeal from the trial court's denial of his motion to correct an illegal sentence. Appellant challenged his May 1983 sentence to 60 years' imprisonment for "armed robbery with a firearm" in a rule 3.800(a) motion filed on June 2, 1993.[1] He alleged three separate grounds to substantiate his claim that his sentence is illegal. While all three grounds are without merit, we discuss his second ground because of an apparent conflict in the state of the law.
Appellant's second ground for relief alleged that he received an illegal sentence because the trial court sentenced him to 60 years' imprisonment for armed robbery, a first degree felony, contrary to the express provisions of sections 812.13(2)(a) and 775.082(3)(b), Florida Statutes (1981). Appellant relies principally upon Rucker v. State, 553 So.2d 212 (Fla. 4th DCA 1989), rev. denied, 563 So.2d 634 (Fla. 1990), in making this argument.
Section 775.082(3)(b) provides that a first degree felony is punishable "by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment." Section 812.13(2)(a) defines armed robbery as a felony of the first degree "punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084." In Rucker, the Fourth District Court of Appeal reversed a 450-year sentence imposed for armed robbery, interpreting the above statutory provisions as providing for sentences either not exceeding life or not exceeding a term of imprisonment for 30 years. In so holding, the court referenced a footnote appearing in this court's decision in Golden v. State, 509 So.2d 1149, 1152 n. 1 (Fla. 1st DCA 1987); however, in turning to that decision, it appears that the referenced footnote does not pertain to sentencing for first degree felonies but, instead, discusses sentences imposed for life felonies pursuant to the pre-1983 version of section 775.082(3)(a), Florida Statutes. Notwithstanding this distinction, the fourth district recently followed Rucker in Robinson v. State, 621 So.2d 556 (Fla. 4th DCA 1993), wherein it reversed concurrent 40-year sentences imposed for two counts of armed robbery.
Although the decisions in Rucker and Robinson obviously appear to support Appellant's position, the fourth district ruled to the contrary in Salas v. State, 589 So.2d 343 (Fla. 4th DCA 1991), when it affirmed a 99-year sentence for kidnapping, also a first degree felony punishable under a statutory scheme similar to that of section 812.13(2)(a). Salas was not addressed in Robinson, but its holding is consistent with a decision of the Florida Supreme Court, as well as with decisions by the Second and Fifth District Courts of Appeal. See Alvarez v. State, 358 So.2d 10 (Fla. 1978); Sterling v. State, 584 So.2d 626 (Fla. 2d DCA), rev. denied, 592 So.2d 682 (Fla. 1991); Crabtree v. State, 624 So.2d 743 (Fla. 5th DCA 1993).
In Alvarez, the supreme court held constitutional against a vagueness challenge the sentencing provisions of the 1977 version of section 812.13(2)(a) (containing language identical to the 1981 version applicable herein), and affirmed the imposition of a 125-year sentence for robbery. The petitioner challenged his sentence "on the ground that the sentence exceeded the limit set by the statute, since 125 years is not a term of years less than `life'." 358 So.2d at 12. He argued that the statute, "which measures a definite sentence term against the imprecise term of `life,' is unconstitutionally vague." Id. However, in rejecting that argument, the supreme court observed that "[a]ny sentence, no matter how short, may eventually extend beyond the life of a prisoner [footnote omitted]." *1195 Id. Concluding that the legislative intent was clear on the face of the statute, the court held that a trial court "may, in its discretion, impose any sentence, or probationary period, up to the maximum term authorized for that crime ...," and that the 125 years of imprisonment "should be considered, in essence, a life sentence." Id.
Next, the Second District Court of Appeal in Sterling noted that section 775.082(3)(b) authorizes imprisonment for a term of years not exceeding life imprisonment when specifically provided for by statute. In that regard, the court held that "[a]rmed robbery is one such specially designated offense." 584 So.2d at 627. It then observed that, in contrast to limitations imposed against sentencing for life felonies, "[b]y virtue of a statutory anomaly, no comparable limitation is placed on the term of years that may be imposed [for first degree felonies]." Id. Accordingly, the court affirmed concurrent 45-year sentences imposed for armed robbery.
Similarly, in Crabtree the fifth district discussed the distinction between a life sentence for purposes of a first degree felony and a sentence for a life felony under the pre- and post-1983 versions of section 775.082. In affirming a 1975 sentence of 125 years for robbery and use of a firearm, the fifth district observed that courts "sentencing for that crime had the discretion to set lengthy sentences, without consideration for normal spans of human life expectancy." 624 So.2d at 744. The court explained that "the armed robbery statute specifically provided for imprisonment for life or a term of years," and that "Crabtree's sentence was as prescribed by the Legislature for armed robbery in 1975." Id. See also Dunn v. State, 522 So.2d 41 (Fla. 5th DCA 1988).
In view of the apparent conflict in the fourth district's own decisions, we affirm Appellant's sentence based on Alvarez, Sterling, Salas, Crabtree and Dunn, and we certify conflict with Rucker and Robinson.
AFFIRMED.
MINER and WOLF, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.800(a) provides that a court "may at any time correct an illegal sentence... ." Thus, Appellant's waiting 10 years to file this motion does not bar his right to relief. Cf. Cofield v. State, 602 So.2d 586, 587 (Fla. 1st DCA 1992); Trimble v. State, 511 So.2d 403 (Fla. 2d DCA 1987).