WENTWORTH, Senior Judge.
This appeal comes before the court pursuant to the trial court’s denial of Appellant’s motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court’s order.
Appellant filed a Motion to Correct Illegal Sentence, alleging that he was charged with committing armed robbery on January 16, 1977, and that he was found guilty of Armed Robbery under section 812.13(1) & (2)(a), *989 Florida Statutes (1977). He was sentenced to 50 years in prison, with three years minimum mandatory. In his rule 3.800(a) motion, Appellant contends that under section 775.082(3)(b), the penalty provision for first degree felonies, he could only have been sentenced to a maximum of 30 years in prison or to a term of imprisonment not exceeding life imprisonment. He contends that the trial court incorrectly categorized his felony as a life felony and relied upon section 775.-082(3)(a), the penalty provision for life felonies (which provides for either a term of imprisonment for life or for a term of years not less than 30), thus imposing an incorrect sentence.
We affirm the trial court’s denial of Appellant’s motion because Appellant’s sentence of 50 years in prison is authorized under the first-degree felony penalties provided for in section 775.082(3)(b). See Green v. State, 630 So.2d 1193 (Fla. 1st DCA 1994) (defendant convicted of first-degree felony of armed robbery was correctly sentenced to 60 years’ imprisonment, as such a sentence involves a “term of years not exceeding life imprisonment”). For this reason, Appellant’s sentence is not illegal, and he has shown no right to relief under Florida Rule of Criminal Procedure 3.800(a).
ZEHMER, C.J., and WEBSTER, J., concur.