642 So.2d 15 (1994)
Bradley MILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3660.
District Court of Appeal of Florida, Fourth District.
July 27, 1994.
Rehearing, Rehearing and Certification Denied September 28, 1994.
Lewis A. Fishman of Lewis A. Fishman, P.A., Plantation, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
EN BANC[1]
Rehearing, Rehearing En Banc and Certification Denied September 28, 1994.
PER CURIAM.
The victim in this case attended a party in Coral Springs and, after leaving the apartment building where the party was held, was beaten to death by a number of people who kicked and/or hit him. He died from a broken *16 neck caused by a blow which severed an artery to the brain. He also suffered internal injuries, multiple bruises, scrapes and a black eye.
The defendant, charged along with six others with second degree murder, sought and obtained a separate trial, was convicted as charged and sentenced to fifty years. He appeals his conviction and sentence. We affirm.
Having duly considered all of his arguments, we feel it necessary to discuss only his sentence, which is attacked because of the several grounds recited by the trial court for departure from the maximum permitted guidelines sentence of twenty-two years.
One of the grounds recited by the trial court for departure was valid; namely, an "escalating pattern of criminal activity" as that term was explained in Barfield v. State, 594 So.2d 259, 261 (Fla. 1992):
We recognize that section 921.001(8), Florida Statutes (1987), authorizes departure from the sentencing guidelines "when credible facts ... demonstrate that the defendant's prior record ... and the current criminal offense for which the defendant is being sentenced indicate an escalating pattern of criminal conduct." Section 921.001(8) also provides that this escalating pattern may be evidenced by a "progression from nonviolent to violent crimes or a progression of increasingly violent crimes." However, this Court has construed this provision as not necessarily requiring a violent progression. Departure is permissible when "the defendant has shown a pattern of engaging in increasingly serious criminal activity." Williams v. State, 581 So.2d 144, 146 (Fla. 1991). Consequently, the "escalating pattern" recognized by section 921.001(8) as a valid basis for departure can be demonstrated in three ways: 1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; or 3) a pattern of increasingly serious criminal activity. Under this third category, "increasingly serious criminal activity" is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant's previous offenses.

(Emphasis added.)[2]
The trial court's order and appellant's sentencing guidelines scoresheet reflect grand theft and aggravated assault in 1990, when appellant was seventeen, satisfying (3) of Barfield. The extent of departure by the trial court from the maximum permitted guidelines sentence of twenty-two years to the fifty years actually imposed is no longer reviewable by us. Section 921.001(5), Florida Statutes (1991), provides in part: "The extent of departure from a guideline sentence shall not be subject to appellate review."
Because of our conclusion that one of the reasons given by the trial court for departure was valid, we are bound by section 921.001(5), Florida Statutes (1991), the last sentence of which provides:
When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.
The above language took us out of the review process once we concluded that at least one ground for departure was valid. Previously, we were governed by Casteel v. State, 498 So.2d 1249, 1252 (Fla. 1986), which required us to determine whether the trial court's considering  as here  invalid reasons for departure was "truly harmless beyond a reasonable doubt," i.e., that there was "no reasonable possibility that the absence of the invalid reasons would have affected the departure sentence."
During oral argument, the court inquired of counsel whether there was authority *17 for concluding the fifty year sentence to be excessive in light of statutory restrictions. Counsel thereafter provided us with supplemental authority, revealing the answer; namely, that the sentence does not exceed statutory limits.
However, the supplemental authority also revealed a conflict within our district.
In Green v. State, 630 So.2d 1193 (Fla. 1st DCA 1994), the court noted an "apparent conflict" in decisions within this court concerning the interplay between section 775.082(3)(b) and statutes which specifically permit sentences for a term of life. In Rucker v. State, 553 So.2d 212 (Fla. 4th DCA 1989), rev. denied, 563 So.2d 634 (Fla. 1990), this court held that a sentence of 450 years was excessive and the maximum imprisonment for armed robbery, a first degree felony, was only thirty years. Section 812.13(2)(a), Florida Statutes (1989), provided that armed robbery, a felony in the first degree was punishable by a term of years "not exceeding life imprisonment." This court apparently held that under these statutes, the defendant could only be sentenced to: (a) life; or (b) if a term of years is imposed, then the term can not exceed thirty years. Rucker, 553 So.2d at 213. This court relied upon Rucker in its decision in Robinson v. State, 621 So.2d 556 (Fla. 4th DCA 1993).[3]
This court interpreted the interplay between section 775.082(3)(b) and statutory authority for life sentences in a contrary fashion in Salas v. State, 589 So.2d 343 (Fla. 4th DCA 1991). In Salas, the defendant was convicted of kidnapping, a first degree felony. This court upheld the sentence of ninety-nine years due to the fact that section 787.01(2) specifically allows for a sentence of "a term of years not exceeding life[.]"[4] This is identical language as the authority set forth in section 812.13(2)(a) that allowed a sentence of a term of life for the first degree felony of armed robbery. In Salas, this court cited as authority Powlowski v. State, 467 So.2d 334 (Fla. 5th DCA 1985). In Powlowski, the court upheld a sentence of 300 years for second degree murder. Id. at 335.
In Alvarez v. State, 358 So.2d 10 (Fla. 1978), the court held that life expectancy is irrelevant to analyzing whether a term of imprisonment exceeds "life." Id. at 12. Thus, sentences that presumably exceed life expectancy, such as 125 years, do not exceed the statutory limit when a term of years not exceeding life imprisonment is authorized by statute. Id.[5]
Given the language in Alvarez, appellant's fifty year sentence does not exceed statutory limits. Second degree murder is a first degree felony, but section 782.04(2) authorizes a *18 sentence not to exceed life imprisonment. Alvarez specifically holds that life expectancy is irrelevant in sentencing offenders to life. As the court noted: "Any sentence, no matter how short, may eventually extend beyond the life of a prisoner." Alvarez, 358 So.2d at 12. The fifty year sentence is proper in the instant case.
As for the "apparent conflict," it appears that the court in Rucker may have overlooked Alvarez when it reversed a sentence of 450 years, which clearly exceeds life expectancy. Accordingly, we recede from Rucker and Robinson in that they conflict with Salas, as far as the meaning of the statutory authority to sentence a defendant to life for a first degree felony, and are inconsistent with the supreme court's decision in Alvarez.
DELL, C.J., and ANSTEAD, HERSEY, GLICKSTEIN, GUNTHER, STONE, WARNER, POLEN, FARMER, PARIENTE and STEVENSON, JJ., concur.
KLEIN, J., recused.
NOTES
[1] En banc consideration is necessary solely for the last issue discussed herein, requiring our receding from previous opinions.
[2] In 1993, the legislature codified Barfield by amending section 921.001(8), Florida Statutes, so that the last sentence reads:

The escalating pattern of criminal conduct may be evidence by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.
[3] It appears that this court made its decision on the grounds that the offenses were improperly characterized as life felonies which allow for a term of imprisonment for life. § 775.082(3)(a). Section 812.13 clearly designates the offense of armed robbery as a first degree felony, but specifically provides for life imprisonment.
[4] Salas highlights an anomaly that exists in the permissible punishments for life felonies and first degree felonies. Ironically, the statutory language allows the latter to be punished more severely than the former. In Salas, this court reversed 99 year sentences imposed for sexual batteries, life felonies, because they exceeded the 40 year sentence limit under section 775.082(3)(a), Florida Statutes (1983). Salas, 589 So.2d at 344-45. At the same time, the court upheld 99 year sentences for kidnapping because kidnapping is a first degree felony punishable "by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment." § 775.082(3)(b), Fla. Stat. (1983). Section 787.01(2), Florida Statutes (Supp. 1984), permits a sentence for a term of years not exceeding life imprisonment for kidnapping. Salas, 589 So.2d at 344-45. The current statutes are identical to those applied by the court in Salas.

The anomaly in the sentencing statutes has been observed in numerous other cases. See Green v. State, 630 So.2d 1193 (Fla. 1st DCA 1994); Crabtree v. State, 624 So.2d 743 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 623 (Fla. 1994); Wilson v. State, 622 So.2d 529 (Fla. 2d DCA 1993); Sterling v. State, 584 So.2d 626 (Fla. 2d DCA), rev. denied, 592 So.2d 682 (Fla. 1991); Dunn v. State, 522 So.2d 41 (Fla. 5th DCA 1988). It should be noted, as was done in Crabtree, that the defendant has raised no constitutional attack on the statutory scheme as being irrational. Here, unlike in Crabtree, the statutory anomaly was created before this defendant committed his crime.
[5] The court in Alvarez noted a decision in the fourth district which upheld a sentence of 130 years for armed robbery. Harper v. State, 306 So.2d 141 (Fla. 4th DCA 1975). Harper was not mentioned in Rucker or Robinson.