PARIENTE, Judge.
Appellant, Eric Robinson (defendant), has appealed the trial court’s order denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Defendant contends that his 40-year sentence for robbery is illegal and should be reduced to a maximum term of 30 years based on his codefendant’s ease of Robinson v. State, 621 So.2d 556 (Fla. 4th DCA 1993). In Mills v. State, 642 So.2d 15 (Fla. 4th DCA 1994), an en banc decision of this court, we receded from Robinson and Rucker v. State, 553 So.2d 212 (Fla. 4th DCA 1989), rev. denied, 563 So.2d 634 (Fla.1990). We therefore affirm the trial court’s order under the authority of Mills, because defendant here was sentenced for armed robbery with a firearm, a first-degree felony punishable by a term of years not exceeding life imprisonment.
Defendant and his brother, Victor Robinson (codefendant), were charged by information with two counts of robbery for offenses occurring on March 5, 1981. The information specifically alleged that defendant possessed a handgun and that codefendant possessed a long gun during the course of the robberies “contrary to F.S. 812.13(2)(a).” Defendant was adjudicated guilty on May 25, 1983, of two robberies, as first-degree felonies under section 812.13(2)(a). He received two concurrent sentences of 40 years in prison with a three-year mandatory minimum and with the court retaining jurisdiction over one-third of the sentence. Defendant filed two direct appeals, but neither appeal or his subsequent attempts at post-conviction relief raised the legality of the 40-year sentence. See Robinson v. State, 458 So.2d 1132 (Fla. 4th DCA 1984); Robinson v. State, 480 So.2d 1320 (Fla. 4th DCA 1985).
Section 812.13(2)(a), Florida Statutes (1981), specifically authorizes punishment for a “term of years not exceeding life imprisonment” where the defendant carries a firearm in the course of committing the robbery. In Alvarez v. State, 358 So.2d 10 (Fla.1978), the Florida Supreme Court approved a 125-year sentence as one not exceeding life imprisonment pursuant to the sentencing provisions of the 1977 version of section 812.13(2)(a) (containing language identical to the applicable .1981 version in this case).[1] In Salas v. State, 589 So.2d 343 (Fla. 4th DCA 1991), we affirmed a 99-year sentence for kidnapping, a first-degree felony punishable by life imprisonment under a statutory scheme similar to section 812.13(2)(a). In Watson v. State, 437 So.2d 702 (Fla. 4th DCA 1983), disapproved in part on other grounds, 453 So.2d 810 (Fla.1984), we approved a 99-year sentence for robbery with a firearm under section 812.13(2)(a). Certainly, a 40-year sentence does not unlawfully exceed life imprisonment. See also Green v. State, 630 So.2d 1193 (Fla. 1st DCA 1994); Sterling v. State, 584 So.2d 626 (Fla. 2d DCA), rev. denied, 592 So.2d 682 (1991); Crabtree v. State, 624 So.2d 743 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 623 (Fla.1994).
A review of this court’s opinion in code-fendant’s case of Robinson v. State, 621 So.2d at 556, reveals that our court ordered resentencing based on the belief that the trial court erroneously sentenced codefend-ant for a life felony, rather than as a first-degree felony. The opinion makes no mention of section 812.13(2)(a), the statute under which both codefendant and defendant were convicted and sentenced. The state, in its response to defendant’s 3.800(a) motion, con *646 cedes that “[a]pparently the State neglected to inform the appellate court [in Robinson v. State ] that the eodefendant was convicted and sentenced pursuant to this enhancement statute” for use of a firearm in the course of the robbery.[2]
Defendant claims he will be denied due process if he is not resentenced to a term of imprisonment not exceeding 30 years as was his codefendant brother. However, the statute under which defendant was sentenced lawfully authorizes the punishment he received. Codefendant may have benefitted from a decision of this court, but that decision was in conflict with earlier decisions of this court and of the supreme court. See Mills. Because defendant’s 40-year sentence is legal, we do not find it “manifestly unjust” to refuse to grant him relief similar to that granted his codefendant. Cf. Romero v. State, 687 So.2d 7 (Fla. 4th DCA 1994); Bourgault v. State, 515 So.2d 1287 (Fla. 4th DCA 1987); see also Lowe v. Price, 437 So.2d 142, 144 (Fla.1983).
AFFIRMED.
GUNTHER and WARNER, JJ., concur.

. In Alvarez, as noted in Mills, the court held that life expectancy is irrelevant to analyzing whether any given term of years exceeds life. 358 So.2d at 12.

. The anomaly in the sentencing statutes between those sentenced to a life felony pursuant to section 775.082(3)(a) for a life felony committed prior to October 1, 1983, where a sentence of years must not exceed 30 years or life imprisonment, and first degree felonies pursuant to section 775.082(3)(b), where a sentence, if authorized by statute, for a term of years not exceeding life imprisonment is lawful, has been discussed in Mills, Green and Crabtree.