PER CURIAM.
The appellant, Ulysses Brown, appeals the trial court’s order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record conclusively refutes appellant’s claims, we affirm. See Alvarez v. State, 358 So.2d 10, 12 (Fla.1978); Johnson v. State, 641 So.2d 174 (Fla. 1st DCA 1994); Green v. State, 630 So.2d 1193 (Fla. 1st DCA 1994); Edgecomb v. State, 587 So.2d 647 (Fla. 1st DCA 1991).
We affirmed appellant’s sentence on direct appeal. Brown v. State, 447 So.2d 321 (Fla. 1st DCA 1984)(striking only the three-year minimum mandatory sentence on the robbery count that did not involve a firearm). We also have addressed, in a per curiam affirmance of the trial court’s denial, appellant’s claim that the trial court improperly retained jurisdiction over a portion of his sentence. Brown v. State, 646 So.2d 199 (Fla. 1st DCA 1994). Appellant’s current motion is an exact duplicate of the motion which was denied by the trial court in 1996. While the trial court understandably felt that this was a frivolous claim, we still must strike that portion of the trial court’s order which bars appellant from filing “any further motions for reduction or modification of sentence.” An “illegal” sentence may be corrected pursuant to rule 3.800(a) at any time. If appellant has new grounds for relief, he may raise them. However, we would direct appellant’s attention to section 944.28(2)(a), Florida Statutes (Supp.1996). The filing of successive pleadings that raise issues which have already been decided on the merits is an abuse of process and can result in the forfeiture of gain-time or other sanctions. See Rooney v. State, 699 So.2d 1027 (Fla. 5th DCA 1997); Mercade v. State, 698 So.2d 1313 (Fla. 2d DCA 1997).
Accordingly, we affirm the trial court’s denial of appellant’s motion to correct an illegal sentence but strike that portion of the order which bars appellant from raising any more pleadings to reduce or modify his sentence.
BARFIELD, C.J., JOANOS, J., and SMITH, Senior Judge, concur.