PER CURIAM.
This cause is before us on appeal from an award of compensation benefits. The order of the judge of compensation claims (JCC) states in pertinent part:
6. That based on his limited work experience, the claimant looked for the only type of work he knew, that being related to the food industry. Despite the carrier’s admonishing the claimant to look for other types of work, they neither offered nor recommended any type of rehabilitation or retraining to the claimant to assist him in finding work outside of his experience.
7. That based on the testimony of the claimant, Eduardo Lalu, and the carrier representative, Rita Torron, I find that the claimant is doing the only type of work search he knows how. I further find that unless and until the employer/carrier offers the claimant retraining, that the claimant need only look for work within the food industry to constitute an adequate work search.
The JCC based the award of temporary partial wage-loss benefits solely on the basis that the employer and carrier (E/C) “neither offered nor recommended any type of rehabilitation or retraining ... to assist [claimant] in finding work outside his experience.” Section 440.49(l)(a), Fla.Stat., (1989),[1] places the burden of providing rehabilitation benefits on the Division. The E/C have no statutory responsibility to offer claimant rehabilitation benefits. Therefore, the JCC’s order erroneously predicates the award of wage-loss benefits on a requirement that the E/C offer rehabilitation benefits. We cannot determine that the JCC would have awarded wage-loss benefits without this erroneous finding.
Accordingly, the order is reversed and remanded for a determination of whether claimant voluntarily limited his income by failing to search for jobs within his limitations.
BOOTH, SMITH and BARFIELD, JJ., concur.

. Section 440.49(l)(a), Florida Statutes (1989), states in pertinent part:
When an employee has suffered an injury covered by this chapter and it appears that the injury will preclude the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to appropriate training and education. Upon request by the employee or the employer, the division shall provide such injured employee with appropriate training and education.... [emphasis added]
Section 440.49(l)(a), Florida Statutes (1989), became effective on October 1, 1989. See Ch. 89-289, § 45, Laws of Fla. Claimant was injured on January 25, 1990. Therefore, the amendment applies to claimant’s injury.