638 So.2d 111 (1994)
Darrell CHERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0763.
District Court of Appeal of Florida, Fourth District.
May 25, 1994.
Rehearing and Clarification Denied June 27, 1994.
Darrell Cherry, pro se.
*112 Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Florida Rule of Appellate Procedure 9.140(g) requires that in appeals from denial without hearing of a Florida Rule of Criminal Procedure 3.800(a) motion the trial court clerk forthwith transmit to the appellate court as the record conformed copies of the motion, order, motion for rehearing and order thereon, and attachments to any of the above, with a certified copy of the notice.
In the instant case the appellant unsuccessfully sought relief on the basis of a claim that his sentence was of illegal duration under the Youthful Offender Act. The trial court failed to furnish to this court the record as described in rule 9.140(g), even after an order to show cause was issued.
The state attempted to bridge the gap by filing copies of the appropriate documents. However, the state cannot cure the trial court's failure to comply with the requirement of rule 9.140(g). Wheeler v. State, 634 So.2d 213 (Fla. 4th DCA 1994); Jackson v. State, 602 So.2d 696 (Fla. 4th DCA 1992); McGrady v. State, 591 So.2d 270 (Fla. 4th DCA 1991).
The trial court denied this rule 3.800(a) motion because it determined that appellant was not sentenced under the Youthful Offender Act. Reversed and remanded for attachment to the order of denial of appellant's post-conviction relief motion those portions of the record on which the trial court relied.
REVERSED AND REMANDED.
GLICKSTEIN, GUNTHER and KLEIN, JJ., concur.