PER CURIAM.
This workers’ compensation case comes before the court for review following the entry of an order on remand from this court’s decision in Hyatt Hotel v. Lain, 605 So.2d 965 (Fla. 1st DCA 1992). The question we posed for consideration on remand was “whether claimant voluntarily limited his income by failing to search for jobs within his limitations.” 605 So.2d at 966. Hyatt Hotel now challenges the JCC’s finding “that the claimant did in fact make a good faith job search trying to find work in the only area he was familiar with. Based upon the claimant’s injuries, prior work history and experience, I find that he did conduct a valid and good faith job search from December 24, 1990 through April 28, 1991.”
“The credibility and sufficiency of evidence to establish a good faith work search is a factual matter to be determined by the [JCC].” City of Tampa v. Bartley, 413 So.2d 1280, 1282 (Fla. 1st DCA 1982). The JCC should look at all the circumstances, including “actual physical impairment, age, industrial history, training and education, motivation, work experience, work record, diligence and the like.” Paramount Poultry v. Mims, 472 So.2d 1281, 1283 (Fla. 1st DCA 1985) (quoting Regency Inn v. Johnson, 422 So.2d 870, 877, n. 5 (Fla. 1st DCA 1982)).
Because competent substantial evidence supports the JCC’s allowance of wage loss benefits from December 24, 1990 through April 28, 1991, the order on appeal is AFFIRMED.
ERVIN, JOANOS and KAHN, JJ., concur.