698 So.2d 602 (1997)
Billy D. PRESCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1400.
District Court of Appeal of Florida, Fourth District.
August 13, 1997.
*603 Billy D. Prescott, Punta Gorda, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Appellant, Billy Prescott, appeals an order that denied his rule 3.800(a) motion to correct illegal sentence. He originally pled guilty in 1990 to four counts: burglary with assault; battery; lewd assault; and resisting arrest with violence. He received a sentence of twenty-five years imprisonment followed by twenty years probation. He now claims that his sentence exceeds the statutory maximum for the burglary (the most serious offense), and further claims that his sentencing guidelines scoresheet includes an error.
The state concedes that Prescott's sentencing guidelines scoresheet improperly listed two different crimes as primary offenses, but maintains that the error was harmless. According to the state, the sentence would be within the permitted range even with the correction.
The state did not file a response in the proceedings before the trial court and the trial court's order denying the motion did not attach either the scoresheet or any other documentation from the record conclusively demonstrating that the error was harmless. The state has attempted to cure this deficiency by filing a copy of the scoresheet with this court. However, supplementation of the record on appeal does not cure the trial court's failure to comply with the requirement of rule 9.140(g) of the Florida Rules of Appellate Procedure. Saunders v. State, 661 So.2d 134 (Fla. 4th DCA 1995); Foley v. State, 657 So.2d 929 (Fla. 4th DCA 1995); Cherry v. State, 638 So.2d 111 (Fla. 4th DCA 1994).
We therefore reverse the trial court's denial of relief pertaining to the scoresheet error and remand to the trial court for attachment of portions of the record demonstrating that the scoresheet error does not affect Prescott's sentence, or failing such proof, to resentence him based on a corrected scoresheet.
As to defendant's claim that his sentence exceeded the statutory maximum, section 810.02(2)(a), Florida Statutes (1989), provides that if the defendant commits an assault or battery upon any person in the course of the burglary, the offense is a first-degree felony "punishable by imprisonment for a term of years not exceeding life." This court has explained that the phrase "punishable by imprisonment for a term of years not exceeding life" is not a life felony, but a first-degree felony providing for any term of years not exceeding life imprisonment. See *604 § 775.082(3)(b); Robinson v. State, 642 So.2d 644 (Fla. 4th DCA 1994); Mills v. State, 642 So.2d 15 (Fla. 4th DCA 1994); Crabtree v. State, 624 So.2d 743 (Fla. 5th DCA 1993); Salas v. State, 589 So.2d 343 (Fla. 4th DCA 1991). Because defendant's sentence did not exceed the statutory maximum, we affirm the denial of relief on that claim.
POLEN and FARMER, JJ., concur.