761 So.2d 431 (2000)
Curtis BIGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-397.
District Court of Appeal of Florida, Second District.
May 26, 2000.
*432 PER CURIAM.
Curtis Bigham appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Bigham alleges claims of ineffective assistance of counsel and argues his sentence is illegal for various reasons. We reverse that portion of the trial court's order which denies Bigham's claim that his sentence on his 1994 offenses is illegal because, contrary to Florida Rule of Criminal Procedure 3.703(d)(19), he was assessed an additional 18 points on his sentencing guidelines scoresheet for possession of a firearm with one of his robbery convictions. We affirm the balance of the trial court's order without discussion.
On September 9, 1997, Bigham was sentenced for a violation of community control of his two 1994 robbery offenses to two six-year concurrent prison terms as a Youthful Offender, and for a new 1997 drug possession conviction, to a five-year prison term. Bigham was correctly sentenced with two separate guidelines scoresheets and his sentences were run consecutively. See Fla. R.Crim. P. 3.703(d)(3) (stating "[i]f an offender is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, separate scoresheets must be prepared and used at sentencing. The sentencing court may impose such sentence concurrently or consecutively").
Although the State, in its response to the trial court's order to show cause, conceded that the additional 18 points should not have been included on Bigham's scoresheet, it maintained that the additional points were harmless error because, even if the points were deducted, Bigham would still have a guidelines sentence. The State accordingly concluded the inclusion of the points did not adversely affect Bigham's sentence.[1]
The trial court however provided no record attachments that conclusively refute Bigham's claim that his sentence was adversely affected by the scoresheet error. In Prescott v. State, 698 So.2d 602 (Fla. 4th DCA 1997), the defendant appealed an order denying his rule 3.800 motion, and as in the present case, the State conceded that a guidelines scoresheet error existed, but argued the error was harmless because, even if a corrected scoresheet was used, Prescott's sentence would be within the permitted range. See id. at 603. The Fourth District reversed the trial court's denial of relief in respect to the sentencing errors in Prescott's scoresheet, reasoning that the attached guidelines did not demonstrate that the scoresheet error did not affect Prescott's sentence. See id. The Prescott court required the trial court, on remand, to provide proof that the error did not affect his sentence or to resentence him with a corrected scoresheet. See id.
In the case at bar, the record attachments provided by the trial court fail to demonstrate that the error did not affect Bigham's sentence. See id. Accordingly, on remand, the trial court is required to *433 provide proof that the sentencing guidelines scoresheet error did not affect Bigham's sentence or to resentence him with a corrected scoresheet.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and WHATLEY and CASANUEVA, JJ., Concur.
NOTES
[1] According to the scoresheet for Bigham's 1994 offenses attached to the trial court's order, his sentencing range was 73.05 to 121.75 months. Without the additional points his sentencing range would be 59.55 to 99.25 months. Bigham received a sentence of 72 months.