PER CURIAM.
Appellant challenges the trial court’s summary denial of his Rule 3.800(a) motion to correct sentence in which he alleges that the trial court erroneously added 36 legal constraint points to his scoresheet for violating probation. We reverse the summary denial and remand for the trial court to attach portions of the record demonstrating that appellant is not entitled to relief or to resentence appellant based on a corrected scoresheet.
The record excerpts appended to the appellant’s motion support the allegation that appellant was not on probation when he committed the instant offense of aggravated battery on November 2, 1991. As a result, 36 legal constraint points appear to have been erroneously added to his score-sheet, and the inclusion of those points on subsequent scoresheets was not harmless error. See Looney v. State, 728 So.2d 321, 322 (Fla. 2d DCA 1999). Accordingly, we reverse the summary denial of appellant’s claim and remand the case for the trial court to attach portions of the record demonstrating that the appellant is not entitled to relief or to resentence appellant based on a corrected scoresheet.[1] See Bigham v. State, 761 So.2d 431, 432 (Fla. 2d DCA 2000); Prescott v. State, 698 So.2d 602, 603 (Fla. 4th DCA 1997).
REVERSED and REMANDED.
JOANOS, KAHN, and BROWNING, JJ., concur.

. Although the appellant’s initial plea agreement indicates he agreed to be habitualized, the judgment and sentencing documentation in the record on appeal does not conclusively demonstrate that he was actually habitual-ized. If the appellant was sentenced as a habitual offender, then an erroneous inclusion of legal constraint points would be harmless error. See Sellers v. State, 578 So.2d 339, 341 (Fla. 1st DCA 1991). However, the appellant initially received a sentence that was a downward departure from the guidelines recommendation and was inconsistent with a habitual offender sentence. In addition, the judgment and sentencing documentation does not indicate whether or not he was habitual-ized. See King v. State, 681 So.2d 1136, 1139 (Fla.1996)(stating that habitualization is a two-step process in which the trial court judge first determines whether a defendant qualifies for habitualization and then decides whether the defendant will be habitualized). If the appellant was not habitualized at the sentencing for the aggravated battery offense, then the trial court could not have habitual-ized him for any of the subsequent probation violations, and the erroneous inclusion of legal constraint points would not have been harmless. See Id. at 1140.