791 So.2d 534 (2001)
Billy KNOWLES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-722.
District Court of Appeal of Florida, Fourth District.
July 25, 2001.
Billy Knowles, Moore Haven, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Billy Knowles, appeals an order that denied his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
Knowles was charged with possession of cocaine with intent to sell and sentenced to probation. He subsequently violated his probation by committing a new offense, impersonating a law enforcement officer. Accordingly, he was sentenced to concurrent prison terms of twenty-four months for the violation of probation and his new offense.
In his motion, Knowles claimed that there were errors in his sentencing guidelines scoresheet. In its response to his motion, the state below conceded that Knowles' scoresheet contains error. While conceding the sentencing errors, the state argued that he would not be entitled to relief because, even if the guidelines were corrected, his sentence would fall within the permitted range.
In Prescott v. State, 698 So.2d 602 (Fla. 4th DCA 1997), the defendant appealed an order denying his rule 3.800 motion where, as in this case, the state conceded that a guidelines scoresheet error existed but argued the error was harmless because, even if a corrected scoresheet was used, Prescott's sentence would be within the permitted range.
This court reversed the trial court's denial of relief in respect to the sentencing errors in Prescott's scoresheet, reasoning that the state's attachments did not demonstrate that the scoresheet error did not affect his sentence. See id. Specifically, the Prescott court required the trial court, on remand, to provide proof that the error did not affect his sentence or to re-sentence *535 him with a corrected scoresheet. See id.
In the case at bar, in its response to this court, the state concedes that under a corrected scoresheet, Knowles' lowest possible guidelines sentence will be reduced. In an attempt to show that Knowles' sentence was unaffected by the scoresheet errors, the state maintained that because the trial court adopted the state's response below, the trial court "has shown a clear intent to sentence appellant to the same sentence if remanded for resentencing." We disagree that such a showing is made and find that the record attachments provided by the trial court fail to demonstrate that the scoresheet errors did not affect Knowles' sentence.
We, therefore, reverse and remand. On remand, the trial court is required to provide proof that the sentencing guidelines scoresheet error did not affect Knowles' sentence or to re-sentence him with a corrected scoresheet.
POLEN, C.J., STONE and SHAHOOD, JJ., concur.