789 So.2d 1250 (2001)
Timothy J. BRAUN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-823.
District Court of Appeal of Florida, Fourth District.
August 1, 2001.
*1251 Timothy J. Braun, Crawfordville, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Timothy Braun appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800.[1] In his motion, Braun argued that his sentence was based upon an incorrect scoresheet. Upon the state's concession to this court, we reverse and remand for further proceedings consistent with this opinion.
Although the state, in its response to the trial court's order to show cause, conceded that Braun's scoresheet contained error, it maintained that the additional points were harmless error because, even if the points were deducted, Braun would still have a guidelines sentence. The state, accordingly, concluded that the inclusion of the points did not adversely affect Braun's sentence.
The trial court, however, provided no record attachments, including the revised scoresheet, that conclusively refuted Braun's claim that his sentence was adversely affected by the scoresheet error.
In Prescott v. State, 698 So.2d 602 (Fla. 4th DCA 1997), the defendant appealed an order denying his rule 3.800 motion, and as in the present case, the state conceded that a guidelines scoresheet error existed but argued the error was harmless, because even if a corrected scoresheet was used, Prescott's sentence would be within the permitted range. See id. at 603.
This court reversed the trial court's denial of relief in respect to the sentencing errors in Prescott's scoresheet, reasoning that the attached guidelines did not demonstrate that the scoresheet error did not affect Prescott's sentence. See id. The Prescott court required the trial court, on remand, to provide proof that the error did not affect his sentence or to resentence him with a corrected scoresheet. See id.
In the case at bar, the state's response to this court concedes that the record attachments provided by the trial court fail to demonstrate that the error did not affect his sentence.
*1252 Accordingly, on remand, the trial court is required to provide proof that the sentencing guidelines scoresheet error did not affect Braun's sentence or to re-sentence him with a corrected scoresheet.
POLEN, C.J., STONE and KLEIN, JJ., concur.
NOTES
[1] The trial court treated Braun's motion as a motion filed pursuant to rule 3.800, stating it could not be treated as a rule 3.850 motion because it was not sworn. At page 9, Braun includes a "Notary Certificate" where Braun swears the statements made in the motion are true "to the best of my knowledge and belief." Such an oath is inadequate. See Gorham v. State, 494 So.2d 211 (Fla.1986); Scott v. State, 464 So.2d 1171 (Fla.1985)(use of the qualifying words "to the best of [my] knowledge" renders oath improper under 3.850).