STREITFELD, JEFFREY E., Associate Judge.
Appellant, Juan Carlos Rosales, timely appeals from a sentence imposed after he entered a plea of nolo contendere to the charge of lewd and lascivious conduct on a person under sixteen years of age by a person over the age of eighteen. During the pendency of this appeal, Rosales filed a Motion to Correct Sentencing Error Pursuant to Rule 3.800(b)(2), Fla.R.Crim.P. and Request for Resentencing. A trial judge other than the sentencing judge treated the motion as one to correct an illegal sentence, and denied the motion. We have jurisdiction. Rule 9.140(b)(2)(A)(ii)d, Fla.R.App.P.
Rosales pled no contest pursuant to a plea agreement under which the State agreed to recommend the minimum sentence under the Criminal Punishment Code, 51 months, with the understanding that he faced a maximum sentence of fifteen years. At the sentencing hearing, the State recommended a 51 month sentence consistent with the open plea agreement, after advising the Court that the victim and her family wanted a time-served sentence. Prior to adjudicating Rosales guilty and imposing sentence, the trial judge made the following statement:
Folks, I do want, to, I do want to follow your agreement here today, understanding the basis for it, but I’m afraid I can’t precisely follow that. I will certainly give Mr. Rosales a benefit for the entry of his plea. I am very concerned about the conduct here and, quite frankly, would like to sentence Mr. Rosales to a longer term in custody. However, as I say, I understand the attorneys’ respective positions and the reasons for the negotiation between the parties, but I do need to deviate from it somewhat.
The trial judge then imposed a sentence of 84 months, with 240 days credit for time served, followed by eight years of sex offender probation. After filing his Notice of Appeal, Rosales filed his 3.800(b) motion. The motion alleged that because the conduct giving rise to the charges occurred during the effective dates of the 1995 sentencing guidelines, Rosales should have been sentenced under those guidelines. Applying the guidelines, the sentencing range was from 51 months to a maximum of 85 months. He was, therefore, sentenced at the top of the sentencing range.
The State has conceded at both the trial and appellate levels that Rosales should have been sentenced under the 1995 guidelines. However, the State asserts that, since the sentence imposed still falls within the 1995 guidelines, the error is harmless and Rosales is not entitled to relief. The trial court agreed, treating the motion as one to correct an illegal sentence.
Rosales’ motion was made timely under Rule 3.800(b) and (c). The sentencing judge, therefore, had the discretion to reduce or modify a legal sentence imposed by it. Considering the fact that the sentencing judge believed that he intended to give Rosales a benefit for entering his plea of no contest, the sentencing judge should have been given the opportunity to rule on the motion after being apprised of the sentencing error and the accurate guidelines sentencing range. Knowles v. State, 791 So.2d 534 (Fla. 4th DCA 2001); Prescott v. State, 698 So.2d 602 (Fla. 4th DCA 1997).
For these reasons, the Order Re: Motion to Correct Illegal Sentence is reversed, with instructions to grant a new *903 sentencing hearing before the original sentencing judge.
GUNTHER and FARMER, JJ., concur.