848 So.2d 401 (2003)
Gerald Wayne MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2921.
District Court of Appeal of Florida, Second District.
June 25, 2003.
*402 STRINGER, Judge.
Gerald Wayne Miller challenges the trial court's order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Miller raised three grounds in his motion. The trial court denied the first and third grounds and dismissed the second ground without prejudice to Miller's filing a facially sufficient claim. We affirm without comment the denial of the first ground of Miller's motion, and we also affirm the trial court's ruling in regard to the second and third grounds.
Miller pleaded to trafficking in oxycodone, sale of clonazepam, and possession of clonazepam. For the charge of trafficking in oxycodone, the trial court sentenced him to a total of seven years' imprisonment and also imposed a $100,000 fine pursuant to section 893.135(1)(c)(1)(b), Florida Statutes (1997-2001).[1]
In ground two of his motion, Miller alleged that counsel was ineffective for failing to move to dismiss the charge of possession of clonazepam after Miller informed his trial counsel that he had a prescription for the drug. The facts supporting this claim are contained in the memorandum of law attached to the 3.850 motion. However, the memorandum was not properly sworn to, and the trial court correctly refused to consider it. See Oramas v. State, 615 So.2d 853 (Fla. 2d DCA 1993) (holding that a rule 3.850 motion is facially insufficient where it is based on facts contained in an unsworn memorandum of law); Braun v. State, 789 So.2d 1250 (Fla. 4th DCA 2001) (holding that an oath in which the defendant swears the statements contained in the rule 3.850 motion are true "to the best of my knowledge and belief" is an inadequate oath for purposes of rule 3.850). Accordingly, we affirm the trial court's dismissal of ground two of Miller's motion without prejudice to any right Miller might have to present his *403 claim in a properly sworn rule 3.850 motion. See Oramas, 615 So.2d 853.
In ground three, Miller alleged that the $100,000 fine for trafficking in oxycodone was illegally imposed. Miller based his claim on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). In Taylor, this court held that chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In denying Miller's motion, the trial court found: "As of April 29, 2002, the Florida Legislature has cured the single subject rule violation by re-enacting the provisions originally contained in Chapter 99-188. The reenactment was retroactive to July 1, 1999." However, in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), this court held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively since this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
Nevertheless, we affirm that portion of the trial court's order denying Miller's claim that the $100,000 fine was illegally imposed because the imposition of the fine was mandatory pursuant to section 893.135(1)(c)(1)(b), Florida Statutes (1997), which was in existence prior to the passage of chapter 99-188. See Bush v. State, 823 So.2d 833 (Fla. 2d DCA 2002) (holding that the validly enacted statutes in effect prior to the enactment of chapter 99-188 control sentencing). In ground three, Miller also alleged that the fine was illegal because it was not part of the plea bargain. Miller did not seek to withdraw his plea on the ground that it was involuntarily entered, and we affirm the denial of this claim.
Affirmed.
CASANUEVA and SILBERMAN, JJ., concur.
NOTES
[1] Miller did not provide the date of the offense in his motion.