DAVIS, Judge.
Edwin A. Vasquez appeals the dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court found that while Vasquez’s rule 3.850 motion was properly sworn, the attached memorandum containing the supporting facts was not. Accordingly, the court dismissed Vasquez’s motion. See Miller v. State, 848 So.2d 401 (Fla. 2d DCA 2003). In this appeal, Vasquez asks this court to remand with instructions that the postcon- *1192 viction court specify a time limit for him to refile. However, because we conclude that Vasquez currently has nearly ten months to timely file such a motion, we affirm the dismissal and decline to require that a time limit be set.
Pursuant to rule 3.850(b), a motion to vacate, set aside, or correct sentence must be filed within two years after the judgment and sentence becomes final in a non-capital case. Because Vasquez’s judgment and sentence did not become final until this court’s mandate on his direct appeal issued on January 24, 2007, see McCuiston v. State, 507 So.2d 1185, 1186 (Fla. 2d DCA 1987), the time for Vasquez to file a facially sufficient, properly sworn rule 3.850 motion will not expire until two years from that date.
Having concluded that Vasquez’s time for filing a timely rule 3.850 has not expired and that he still has sufficient time to refile, we conclude that the trial court did not err in failing to specify a time limit for refiling. We affirm.
FULMER and WALLACE, JJ., concur.