782 So.2d 947 (2001)
Debra SMITH a/k/a Natalie Woods, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4279.
District Court of Appeal of Florida, Fourth District.
April 4, 2001.
Debra Smith, Quincy, pro se.
No appearance required for appellee.
PER CURIAM.
We review the order denying Appellant's Motion to Correct Illegal Sentence filed pursuant to Florida Rule Criminal Procedure 3.800(a). We reverse and remand for further proceedings consistent with our opinion.
Appellant was convicted of armed burglary of a dwelling in May of 1996 and the trial court sentenced her to seventy-two months imprisonment. She did not appeal. After the Supreme Court decided Heggs v. State, 759 So.2d 620 (Fla.2000), Appellant filed a Motion to Correct Illegal Sentence pursuant to Florida Rule of *948 Criminal Procedure 3.800(a), wherein she alleged the trial court improperly considered points assessed against her for legal status violation when it determined that she would receive the same sentence under both the 1994 and 1995 sentencing guidelines.
Appellant's claim that she does not qualify for legal status violation under the 1994 guidelines raised a factual issue. As such, it did not present a sentencing error which could be determined as an incorrect calculation from the face of the scoresheet. Appellant utilized a 3.800(a) motion to raise a factual issue that is not readily apparent from the scoresheet itself. Scoresheet errors, such as the one alleged by Appellant, are correctable on direct appeal or under rule 3.850, but not on a motion to correct an illegal sentence. See Blakley v. State, 746 So.2d 1182, 1186 (Fla. 4th DCA 1999)("If there is error in any other kind of sentence, and particularly if it involves any factual inquiry, under the current decisions of our supreme court such error must be corrected in direct review or possibly under rule 3.850, but not under rule 3.800(a)"); see also Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987).
Although Appellant's time for seeking relief under Florida Rule of Criminal Procedure 3.850 expired,[1] we believe the trial court should have treated Appellant's sworn motion as a timely-filed motion to correct an excessive, unauthorized sentence under that rule. See Matthews v. State, 664 So.2d 6 (Fla. 4th DCA 2000); Jenkins v. State, 771 So.2d 37, 38 (Fla. 4th DCA 2000) (concluding appellant should have two years from the issuance of the supreme court's opinion in Heggs in which to file a rule 3.850 motion as the facts on which his claim is predicated could not have been known earlier). However, Appellant is scheduled to be released on June 14, 2001. We, therefore, direct the trial court to consider and determine the merits of her allegation pursuant to Florida Rule of Criminal Procedure 3.850 without further delay.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
WARNER, C.J., FARMER and KLEIN, JJ., concur.
NOTES
[1] The trial court imposed her sentence on April 25, 1997.