901 So.2d 374 (2005)
Darby HOUSER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4738.
District Court of Appeal of Florida, Second District.
May 11, 2005.
SALCINES, Judge.
Darby Houser appeals the trial court's order which denied his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm without prejudice to any right Houser might have to file a motion for postconviction relief pursuant to rule 3.850.
Houser alleges several claims of scoresheet error; however, such errors are not readily apparent from the face of the scoresheet. Such claims are not cognizable under rule 3.800, but rather, they are correctable on direct appeal or under rule 3.850. Drayton v. State, 786 So.2d 1196, 1197 (Fla. 2d DCA 2001); Smith v. State, 782 So.2d 947, 948 (Fla. 4th DCA 2001); Blakley v. State, 746 So.2d 1182, 1186 (Fla. *375 4th DCA 1999). Although Houser filed his motion pursuant to rule 3.800, it would have been timely filed under rule 3.850; however, the motion was not properly sworn.
Accordingly, we affirm the trial court's denial of Houser's 3.800 motion. This affirmance is without prejudice to Houser filing a properly sworn 3.850 motion raising the issue of scoresheet error not apparent from the face of the scoresheet. Because the time to file a motion for postconviction relief pursuant to rule 3.850 expired while Houser's appeal was pending in this court, he shall have sixty days from the issuance of the mandate in this case to file a 3.850 motion. See Finan v. State, 787 So.2d 64 (Fla. 2d DCA 2001).
Affirmed.
CASANUEVA and CANADY, JJ., concur.