987 So.2d 747 (2008)
Terrence SWEET, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5066.
District Court of Appeal of Florida, Second District.
July 9, 2008.
VILLANTI, Judge.
Terrence Sweet appeals the summary dismissal of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the postconviction court's order without prejudice to any right Sweet may have to file a rule 3.850 motion.
After entering a plea of no contest to the charges filed against him, Sweet received a sentence of ten years' prison to be followed by five years' probation on all counts, to run concurrently. In his rule 3.800(a) motion, Sweet alleged that his sentence was illegal because the sentence agreed to in the plea agreement was eighty-one months' prison, not a fifteen-year split sentence. Specifically, Sweet wants the plea agreement enforced and to be resentenced to the agreed sentence. The postconviction court correctly dismissed this claim on the ground that it could not be properly addressed in a rule 3.800(a) motion.
Because there is no procedure for a "motion to enforce a plea agreement," this claim must be filed pursuant to rule 3.850. See Hettick v. State, 977 So.2d 797 (Fla. 2d DCA 2008) (quoting Dellofano v. State, 946 So.2d 127, 129 (Fla. 5th DCA 2007)). Sweet's sentence is the product of a negotiated plea agreement and, although he is only trying to correct his sentence, withdrawal of his plea is a potential consequence. See Nedd v. State, 855 So.2d 664 (Fla. 2d DCA 2003). Had Sweet filed this motion pursuant to rule 3.850, it would have been timely. However, the postconviction court could not treat it as such because it was not properly sworn.
*748 Accordingly, we affirm the postconviction court's order dismissing the motion. Because the time for filing a rule 3.850 motion expired while Sweet's original motion was pending in the postconviction court, this affirmance is without prejudice for Sweet to file a properly sworn and facially sufficient rule 3.850 motion within thirty days from the issuance of the mandate in this case. See Heath v. State, 968 So.2d 625, 625 (Fla. 2d DCA 2007); Houser v. State, 901 So.2d 374 (Fla. 2d DCA 2005).
Affirmed.
SILBERMAN and KELLY, JJ. Concur.