DAVIS, Judge.
 

 Rodney G. Williams challenges the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm that portion of the postconviction court’s order denying Williams’ claim for prison credit against the sentence imposed upon revocation of probation. However, we reverse the court’s denial of his claim for jail credit against that sentence, and we remand with directions to the postcon-viction court to consider the claim.
 

 Williams was convicted after jury trial of count one, sale of a controlled substance within 1000 feet of a place of worship, and count two, possession of a controlled substance with intent to sell within 1000 feet of a place of worship. On April 16, 2002, he was sentenced to six years’ prison on count one followed by ten years’ probation on count two. On May 5, 2008, Williams admitted to violating the probation imposed on count two, and the trial court revoked his probation and sentenced him to five years’ prison with all prior jail credit.
 

 In his rule 3.800(a) motion, Williams alleged that he was only awarded a total of twenty-eight days’ jail credit against the sentence imposed upon revocation of probation in count two and that he is entitled to both additional jail credit and credit for the time he served in prison on count one. He further maintained that it was part of his “plea agreement” that he receive the prison credit in exchange for admitting the violations of his probation. Finally, Williams alleged that his claims were determinable from the face of the trial court record and the sheriffs jail log.
 

 Under the Criminal Punishment Code, Williams is not entitled to have credit for the time served in prison on count one applied to the sentence upon revocation of probation on count two.
 
 See Moore v. State,
 
 882 So.2d 977, 985 (Fla.2004) (“[Djefendants who violate a consecutive term of probation are not entitled to credit for prison time served on a separate offense.”). Furthermore, there is no separate postconviction procedure to enforce a plea agreement, and Williams would have to seek relief through Florida Rule of Criminal Procedure 3.850.
 
 See Sweet v. State,
 
 987 So.2d 747, 747 (Fla. 2d DCA 2008). However, the transcript of Williams’ violation of probation hearing refutes his claim that an agreement existed by which he would receive prison credit upon admitting the violations of his supervision. We therefore decline to provide Williams with additional time in which to file a rule 3.850 motion despite the fact that the rule’s two-year filing time limit expired during the pendency of this appeal.
 

 The postconviction court’s order denying Williams’ rule 3.800(a) motion failed to address Williams’ allegation that he also was entitled to jail credit for the following periods: from December 21, 2000, when he was first arrested, until December 22, 2000, when he was released on bond; from July 31, 2001, when he was arrested after failing to appear, until April 16, 2002, when he was sentenced to prison on count one to be followed by probation on count two; from August 1, 2007, when he was arrested on the violation of probation warrant on count two, until September 7, 2007, when he was released following the dismissal of the affidavit of violation; and from April 8, 2008, when he was arrested on the violation warrant, until his May 5, 2008, sentencing. In his postcon-viction motion, Williams clearly claimed that he was entitled to more than the twenty-eight days’ jail credit that he alleg
 
 *600
 
 edly received. Because the postconviction court did not address this claim in its order denying the motion, we reverse and remand for further proceedings.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND and LaROSE, JJ., Concur.