WHATLEY, Judge.
Shaun Amodovar appeals from the summary denial of his “motion for enforcement *899 of plea contract.” Because the postconviction court denied this facially insufficient motion on the merits without attaching documents to its order that would conclusively refute the claim, we reverse and remand for further proceedings.
Mr. Almodovar alleged that he entered a negotiated plea to several offenses and was sentenced to a three-year minimum mandatory sentence that he claims was to be served both concurrently and coterminously with a previously imposed four-year sentence on an Okeechobee County offense. The minimal record attached to his motion, consisting of the Acknowledgment and Waiver of Rights form, supports that allegation. He contends that the court has violated the agreement. The postconviction court denied the motion on the merits in a brief order, unaccompanied by attachments, and found from a review of the court file, transcript, and the Acknowledgment and Waiver of Rights form that it was not the intention of the court that Mr. Almodovar's sentence run coterminous with his sentence from Okeechobee County-
This court has observed on several occasions that the only avenue for enforcement of a plea agreement is through Florida Rule of Criminal Procedure 3.850. See, e.g., Williams v. State, 51 So.3d 598 (Fla. 2d DCA 2011); Hettick v. State, 977 So.2d 797 (Fla. 2d DCA 2008). Had Mr. Almo-dovar’s motion been properly sworn, the postconviction court could have considered it as a timely rule 3.850 motion. See Pifer v. State, 8 So.3d 1154 (Fla. 2d DCA 2009). Since it was not sworn, however, we must reverse the postconviction court’s decision on the merits and remand for the court to dismiss the motion with leave for Mr. Al-modovar to file a facially sufficient claim within thirty days of the date of its order. See Sweet v. State, 987 So.2d 747, 747 (Fla. 2d DCA 2008) (noting that although the defendant was “only trying to correct his sentence, withdrawal of his plea is a potential consequence”).
In the event that Mr. Almodovar timely files an amended facially sufficient motion and the court again denies the claim, the court must attach sufficient record excerpts to its order to refute the claim, including — at a minimum — the judgment and sentencing documents, the written plea agreement, and the transcript of the plea hearing.
Reversed and remanded.
DAVIS and KELLY, JJ., Concur.