KHOUZAM, Judge.
 

 Shaun Almodovar appeals the summary dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Almodovar alleges that he entered a negotiated plea in exchange for a four-year sentence with a three-year mandatory minimum to run concurrent and coterminous to an earlier four-year prison sentence from Okeechobee County and that the court imposed a sentence in violation of that agreement. Almodovar previously brought this claim as a “motion for enforcement of plea contract” which was denied by the postconviction court.
 
 Almodovar v. State,
 
 56 So.3d 898 (Fla. 2d DCA 2011). On appeal, this court observed that the only avenue for enforcement of a plea agreement is rule 3.850 and remanded for the postconviction court to dismiss the motion with leave for Almodovar to file a properly sworn motion within thirty days of its order.
 
 Id.
 
 at 899.
 

 In response, Almodovar filed the present motion containing an “unnotarized oath,” through which Almodovar avers that “all statements are true to the best of my knowledge.” This oath is inadequate.
 
 See Miller v. State,
 
 848 So.2d 401, 402 (Fla. 2d DCA 2003) (citing
 
 Braun v. State,
 
 789 So.2d 1250, 1251 n. 1 (Fla. 4th DCA 2001) (holding that an oath in which the defendant swears the statements contained in the motion are true “to the best of my knowledge and belief’ is inadequate for the purposes of rule 3.850)). The postcon-viction court dismissed the motion without prejudice, noting that time remained under the two-year limitation of rule 3.850 for Almodovar to file a facially sufficient motion. Because the dismissal was without prejudice, this order is a nonfinal, nonap-pealable order.
 
 Brown v. State,
 
 36 So.3d 186, 187 (Fla. 2d DCA 2010).
 

 This court has previously expressed its concern with the practice of dismissing a postconviction motion for facial insufficiency without specifying a reasonable time limit within which to amend.
 
 Id.
 
 Because Almodovar’s two-year time pe
 
 *1141
 
 riod for filing a rule 3.850 motion has now expired, we dismiss this appeal without prejudice for Almodovar to file an amended motion within thirty days of the date this opinion becomes final.
 
 See Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007);
 
 Herron v. State,
 
 34 So.3d 206, 206 (Fla. 2d DCA 2010);
 
 Lawrence v. State,
 
 987 So.2d 157, 159 (Fla. 2d DCA 2008). If the post-conviction court again denies the claim, it must attach to its order portions of the record that conclusively refute Almodo-var’s allegations.
 

 Dismissed.
 

 ALTENBERND and WHATLEY, JJ„ Concur.