WALLACE, Judge.
Anthony P. Williams challenges the order dismissing his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he sought to enforce the terms of a negotiated plea agreement. Because the postconviction court should have treated the motion as filed pursuant to Florida Rule of Criminal Procedure 3.850, we reverse the order and remand for further proceedings.
■ Williams alleged that he entered into a plea agreement with the State wherein he was to receive a sentence of 72.4 months’ prison. He further alleged that the trial court accepted the terms of the negotiated plea and imposed the agreed-upon prison term but sentenced him as a habitual offender when a habitual offender designation was not part of the negotiated plea agreement. The postconviction court dismissed the claim as facially insufficient under rule 3.800(a) because Williams failed to assert that it could be determined from the face of the record.
Williams did not allege that he did not qualify to be sentenced as a habitu *975 al offender, and his motion did not present a cognizable claim under rule 3.800(a). See Judge v. State, 596 So.2d 73, 78 (Fla. 2d DCA 1991) (en banc) (holding that a habitual offender sentence is illegal for purposes of rule 3.800(a) only if the terms or conditions of the sentence exceed those authorized by statute or a prior offense essential to categorize the defendant as a habitual offender does not actually exist). However, this court has held that because there is no separate postconviction procedure whereby a defendant may seek to enforce a plea agreement, such a claim must be filed pursuant to rule 3.850. Almodovar v. State, 56 So.3d 898, 899 (Fla. 2d DCA 2011); Sweet v. State, 987 So.2d 747, 747 (Fla. 2d DCA 2008). Because Williams’ motion was properly sworn to and was filed within the time limitations of rule 3.850, the postconviction court should have treated it as a motion filed under that rule. See Hettick v. State, 977 So.2d 797, 798 (Fla. 2d DCA 2008).
We therefore reverse the postconviction court’s order and remand with instructions to treat the motion as filed pursuant to rule 3.850. Should Williams be correct in his assertions, the postconviction court should resentence him in accordance with the plea agreement or allow him to withdraw his plea should he wish to do so. See Dellofano v. State, 946 So.2d 127, 129 (Fla. 5th DCA 2007). On remand, if the post-conviction court finds that the trial court accepted the terms of the negotiated sentence, we would encourage the postconviction court to resentence the defendant in accordance with the agreement.
Reversed and remanded.
CASANUEVA and LaROSE, JJ., Concur.