RAY, J.
On our own motion, we consolidate these cases for disposition. In case number 1D14-0451, Michael Joseph Nilio, a prison inmate, seeks prohibition relief in the form of an order directing the disqualification of the trial judge from hearing postconviction matters in his cases. In case number 1D13-5003, he appeals the trial court’s order summarily denying his motion for postconviction relief. Because the trial court’s jurisdiction had not been invoked at the time Mr. Nilio sought disqualification of the judge, his petition for writ of prohibition is denied. However, we reverse the trial court’s order denying Mr. Nilio’s subsequent motion for postconviction relief and remand for compliance with Florida Rule of Criminal Procedure 3.850.
Mr. Nilio entered negotiated pleas to property crimes in multiple cases and received concurrent sentences. After a round of postconviction challenges and an unsuccessful appeal, he filed a motion to disqualify the trial judge from presiding over further postconviction proceedings. At the time the motion was filed, Mr. Nilio had no pending cases before the trial court, although he later filed the “Motion to Correct, Modify, or Vacate Sentence,” discussed below. He argues in his petition before this Court that because the judge *426 failed to rule on his motion for disqualification within 30 days of its service, disqualification is mandated by Florida Rule of Judicial Administration 2.330(j).[1]
We find no authority dictating that a motion to disqualify filed when the trial court’s jurisdiction has not otherwise been invoked is held in abeyance until the court possesses jurisdiction over some other substantive matter. Nor would such a pronouncement be reasonable given the strict and unforgiving nature of the 30-day requirement set forth in rule 2.330(j), and the burden such a procedure would place on trial judges in that circumstance. We conclude that Mr. Nilio’s motion for disqualification, having been filed at a time when the trial court’s jurisdiction had not been invoked for any other purpose, was void ab initio and therefore did not implicate the provision of rule 2.330(j) upon which Mr. Nilio relies. The petition for writ of prohibition is denied.
Mr. Nilio’s subsequently filed “Motion to Correct, Modify, or Vacate Sentence” was properly before the trial court and compelled review and disposition in accordance with rule 3.850. See Williams v. State, 113 So.3d 974 (Fla. 2d DCA 2013). The motion stated under oath that Mr. Nilio had been sentenced to a term of incarceration, to be followed by a period of probation. It further averred that he had fully complied with a special condition of probation that he pay in full all court costs, fines, and restitution, yet the trial court failed to automatically terminate the probationary portion of the sentence, contrary to the terms of his negotiated plea agreement.
Since no evidentiary hearing was held below, “we must accept the defendant’s factual allegations to the extent they are not refuted by the record.” Peede v. State, 748 So.2d 253, 257 (Fla.1999). On the State’s proper concession of error, we' reverse the summary denial of the motion and remand for the trial court either to attach those portions of the file or record that conclusively refute the allegations or to hold an evidentiary hearing to resolve any factual disputes. See Ashley v. State, 59 So.3d 1172 (Fla. 1st DCA 2011).
Petition for writ of prohibition DENIED on the merits; order summarily denying motion to correct sentence REVERSED and REMANDED with instructions.
THOMAS and SWANSON, JJ., concur.

. Florida Rule of Judicial Administration 2.330(j) provides:
(j) Time for Determination. The judge shall rule on a motion to disqualify immediately, but no later than 30 days after service of the motion as set forth in subdivision (c). If not ruled on within 30 days, the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.