IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL JOSEPH NILIO,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-0251/15-0498

Opinion filed May 22, 2015.

An appeal from an order of the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Michael Joseph Nilio, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant
Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      This opinion addresses two cases which have been consolidated for purposes

of travel and disposition. The consolidated cases involve the appeal of the denial

of two postconviction motions, one filed in September of 2013 (case 15-0498), and

one filed in February of 2014 (case 15-0251), both of which raise the same issue. We reverse and remand the denial of the appellant's September 2013 motion for postconviction relief. Because the February 2014 motion raises the same claim,[1] which is to be addressed on remand, we affirm the summary denial of the February 2014 motion.

In November of 2010, the appellant entered a plea of guilty to numerous counts in eight cases in exchange for concurrent sentences of 5 years' imprisonment on the third degree felonies, and 8 years' imprisonment, to be followed by 5 years on probation for the second degree felonies. The appellant then filed a number of postconviction motions. In an order rendered on April 17, 2012, the trial court denied all pending motions. However, that order also found that the appellant's probation "would be terminated early upon payment in full of all costs, fees and restitution." The order directed the clerk of the lower court to "ensure that Amended Judgments and Sentences are prepared to accurately reflect the agreement." The same day the order was entered, an amended written judgment and sentence appears to have been filed. That judgment and sentence, which was entered nunc pro tunc to the November 2010 judgment and sentence, states:

In imposing the above sentence, the Court further orders

---

[1] The appellant's February 2014 motion also raised a double jeopardy claim. We affirm the denial of that claim without further discussion.

2

> the defendant's **probation will terminate** early upon payment in full of all costs, fees and restitution and that the defendant further authorized his attorney accept this agreement, waiving his appearance, which was done in open court . . . and agreed upon by the State and the Court.

(bold emphasis added, underline emphasis in the original).

In September of 2013, the appellant filed a motion for postconviction relief alleging that he attempted to submit payment in full for all court costs, fines and restitution, but the court refused payment. The appellant therefore alleged that he was entitled to have all his probationary periods terminated. The trial court denied the motion without explanation. On appeal, this Court reversed and remanded for the attachment of records refuting appellant's claim or an evidentiary hearing. See Nilio v. State, 143 So. 3d 424 (Fla. 1st DCA 2014). In response to this Court's mandate, the lower court denied the appellant's motion again. That order included attachments indicating that there was no plea term or agreement that the appellant's probation would automatically terminate. Instead, the court found that the early termination of probation was discretionary. Specifically, the court cited the trial court's oral pronouncement at the November 2010 sentencing that probation **may** terminate early without any further contact with the court upon the payment of all costs, fees and restitution. The trial court also attached a portion of a hearing held in July of 2011 on a previous postconviction motion, during which

3

counsel for the appellant and the trial court allegedly agreed that there was no "automatic" termination provision.

In February of 2014 (case 15-0251 on appeal), the appellant filed another postconviction motion alleging that the written judgment and sentence entered on April 17, 2012, nunc pro tunc to November 2010, does not comport with the oral pronouncement because it does not state that probation will end "without further contact with the court." The appellant also alleged that some of his convictions are duplicative and thus violate double jeopardy. The trial court denied the motion, holding that the issue had already been raised and denied multiple times.

In both motions, the appellant asserts that his judgment and sentence called for the probationary sentences to end automatically upon the payment of all restitution, costs and fees. The trial court has repeatedly denied this claim by citing to the transcript of the original November 2010 plea hearing, which indicates that the court "may" terminate probation early upon the payment of all fees. However, the appellant asserts that the November 2010 judgment and sentence is no longer operative, as an amended judgment was entered in April of 2012, which specifically stated that probation "will" terminate early upon the payment in full of appellant's monetary obligations. The trial court has never addressed the appellant's specific claim that he is entitled to have his probationary sentences terminated pursuant to the **2012** judgment and sentence. Accordingly, in case 15-

4

0498, we reverse and remand for the trial court to attach portions of the record refuting the appellant's claim that he is entitled to have his probationary periods terminated pursuant to the April 2012 judgment and sentence, or to hold an evidentiary hearing.[2]  We affirm the denial of the appellant's motion filed in February 2014.

AFFIRMED in part, REVERSED and REMANDED in part for further proceedings.

THOMAS, MARSTILLER, and BILBREY, JJ., CONCUR.

---

[2]  We express no opinion on whether the appellant has in fact paid all the costs, fees and restitution as required for the probationary periods to be terminated.