NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DELMER SMITH, III,                          )
                                            )
                Appellant,                  )
                                            )
v.                                          )      Case No. 2D16-2619
                                            )
STATE OF FLORIDA,                           )
                                            )
                Appellee.                   )
_____            )

Opinion filed August 16, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Sarasota County; Charles E. Roberts,
Judge.

Delmer Smith, III, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.

Delmer Smith, III, appeals the dismissal of his motion to return property.

The trial court originally dismissed his motion without prejudice to amend, and therefore

the trial court's dismissal was not reviewable on appeal. See Almodovar v. State, 74

So. 3d 1140, 1140 (Fla. 2d DCA 2011) (citing Brown v. State, 36 So. 3d 186, 187 (Fla.

2d DCA 2010)). We relinquished jurisdiction to the trial court so that it could dismiss Mr. Smith's motion with prejudice. The trial court obliged, and we may now review the dismissal of Mr. Smith's motion for return of property.

Mr. Smith was convicted in Sarasota County of armed home-invasion robbery and armed kidnapping with intent to harm or terrorize. He was sentenced to two concurrent terms of life imprisonment. Subsequent to his conviction and sentencing, Mr. Smith filed successive motions for return of property. In his operative motion, Mr. Smith explains that, "[f]or the convenience of [the] court and to facilitate [the] expeditious return of [his] property," he "made a good faith effort to provide" the court with an evidentiary inventory "based upon evidence logs/receipts previously provided by" the Sarasota County Sheriff's Office (SCSO) and Venice Police Department (VPD).

Attached to Mr. Smith's motion was a five-page list created by Mr. Smith, cataloguing the property that Mr. Smith wanted the State to return. Also attached were multiple property receipts given to him by SCSO and VPD. The list attached to the motion was compiled by Mr. Smith based on the item numbers and the property descriptions in these receipts. Mr. Smith also took the additional step of organizing his property into five "types"—watches, iPods, electronic gadgets, computers, and jewelry.

In its response to Mr. Smith's motion, the State explained that "[h]undreds of items were seized by multiple agencies and stored under multiple case numbers in connection with the investigation of this case." Even though Mr. Smith claimed to have made a "good faith effort" to provide the State with a list of his property, the State claimed that it was "unable to determine from his motion precisely which items he is seeking to have returned, and the current location of those items."

The State gave two specific examples to illustrate its confusion. First, the State pointed out that the first item on Mr. Smith's list was item number 31, "G Shock Watch." However, when the State examined the attached SCSO property receipts, it claimed that item number 31 in the receipts was not described as "G Shock Watch" but was instead described as "Allen Wrenches."[1] Second, the State noted that there were a minimum of five law enforcement agencies involved in this investigation and that the State "should not be forced to 'figure out' exactly which items the defendant seeks to have returned and the location of those items." According to the State, "[t]his burden falls on the defendant and he has failed to meet that burden."

The trial court found that Mr. Smith failed to meet his burden to "specifically identify" the property he wanted the State to return. The trial court reasoned that "[a]lthough some of the property receipts attached to [Mr. Smith's] motion appear to [have] originated from [SCSO], several of the property receipt lists contain no indication regarding which law enforcement agency they originated from." The trial court also stated that "[i]t is . . . unclear whether [Mr. Smith] is requesting every single item on each of the property receipts or if some of those items were already introduced as evidence in this case or in [the] capital felony trial in Manatee County." For all of these reasons, the trial court determined that Mr. Smith's motion was facially deficient for failing to describe the property that Mr. Smith wanted returned to him. In dismissing Mr. Smith's motion with prejudice pursuant to our instructions upon relinquishment of

---

[1]The State's confusion seems to stem from the fact that the item numbers on some of the receipts were crossed out in the "Item No." column and rewritten in the column titled "If Damaged Recovered Value." Ignoring the crossed-out figures in the "Item No." column, all of the seized property is correctly numbered to match the numbers on Mr. Smith's list.

jurisdiction, the trial court echoed the same reasons it expressed in its prior dismissal without prejudice.

A facially sufficient motion for return of property must allege that the property at issue is the defendant's personal property, that the property is not the fruit of criminal activity, and that the property is not being held as evidence. Durain v. State, 765 So. 2d 880, 880 (Fla. 2d DCA 2000). "Implicit in this standard is the requirement that the defendant must specifically identify 'property at issue.' " Bolden v. State, 875 So. 2d 780, 782 (Fla. 2d DCA 2004). "If the trial court finds that a motion to return property is facially sufficient, it may order the State to respond by citing applicable case law and attaching portions of the record . . . , after which the motion may be summarily denied." Id. (citing Durain, 765 So. 2d at 880-81). "In the alternative, the trial court may hold an evidentiary hearing." Id.

Here, Mr. Smith's motion properly alleges that the property he wants returned is his personal property, is not the fruit of criminal activity, and is not being held as evidence. See Durain, 765 So. 2d at 880. Mr. Smith provided an itemized list of all the property he wanted returned. A quick comparison between Mr. Smith's list and the property receipts he has provided indicates that Mr. Smith does not want all of the property on the receipts returned—only those select items on his list. Not only did Mr. Smith meticulously list the items he wanted returned, but he even provided the item numbers corresponding to each item from the receipts. The law asks no more of him. Cf. Eight Hundred, Inc. v. State, 895 So. 2d 1185, 1186 (Fla. 5th DCA 2005) (reversing the denial of a motion for return of property where, although the defendant's description of the property may have been somewhat vague, it was "sufficient to satisfy any

uncertainty regarding a proper description of the property sought"); Coon v. State, 585 So. 2d 1079, 1081 (Fla. 1st DCA 1991) (same).

Moreover, we reject the State's argument that the property receipts provided by Mr. Smith render his motion deficient because they "contain no indication regarding which law enforcement agency they originated from." The receipts are all visibly from SCSO and VPD. The receipts specifically provide the locations where the impounded property is—or has been—located. They also contain handwritten entries describing dates, times, and places of when and where certain items were received or released by SCSO and VPD.

We recognize that the State may be unsure as to where Mr. Smith's property may be located at the present moment. But this does not render Mr. Smith's motion for return of property facially insufficient. If, unbeknown to Mr. Smith, his property no longer resides with those agencies that gave him property receipts, then the proper solution is an evidentiary hearing. See Bolden, 875 So. 2d at 782-83 (explaining that the question of "whether the property is still in the agency's possession" is to be resolved at an evidentiary hearing (citing Stone v. State, 630 So. 2d 660, 661 (Fla. 2d DCA 1994))); see also Brown v. State, 613 So. 2d 569, 571 (Fla. 2d DCA 1993) (comparing a trial court's denial of a motion for return of property after the State disclaimed knowledge of certain items which a defendant claimed were seized to "the granting of summary judgment while disputed facts remain unresolved").

Because Mr. Smith's motion for return of property was facially sufficient, the trial court erred in summarily dismissing it for its lack of specificity and its failure to pinpoint precisely where Mr. Smith's property may be at the present moment.

Accordingly, we reverse the trial court's summary dismissal and remand for further proceedings consistent with this opinion.

Reversed; remanded with instructions.

SILBERMAN and WALLACE, JJ., concur.